**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

         - against -

DANIEL B. KAMENSKY,

              Defendant.

                             ECF Case

                             No. 20 Civ. 7193 (VEC)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### THE GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS APPLICATION TO INTERVENE AND FOR A STAY OF DISCOVERY

                              AUDREY STRAUSS
                              Acting United States Attorney for the
                              Southern District of New York
                              Attorney for the United States
                                  of America.

Richard Cooper
Daniel Tracer
Assistant United States Attorneys
     *- Of Counsel -*

1

## <u>TABLE OF CONTENTS</u>

**PRELIMINARY STATEMENT** ................................................................................................ 1

**FACTUAL BACKGROUND** ................................................................................................... 2

**PROCEDURAL POSTURE** .................................................................................................. 5

**ARGUMENT** ............................................................................................................................. 5

I.       THE GOVERNMENT SHOULD BE GRANTED PERMISSION TO INTERVENE ... 5

II.      A STAY OF DISCOVERY IS APPROPRIATE ........................................................... 7

    A.     Applicable Law ................................................................................................. 7

    B.     Discussion ......................................................................................................... 8

        1.   The Extent of Overlap ................................................................................. 8

        2.   Status of the Criminal Case ........................................................................ 9

        3.   The Interests of the Plaintiff and the Defendant ......................................... 9

        4.   The Public Interest .................................................................................... 10

        5.   The Interests of the Court ......................................................................... 12

**CONCLUSION** ...................................................................................................................... 14

# TABLE OF AUTHORITIES

**Federal Cases**

*Bd. of Governors of the Federal Reserve System* v. *Pharaon*, 140 F.R.D. 634 (S.D.N.Y. 1991) 11

*Bureerong* v. *Uvawas*, 167 F.R.D. 83 (C.D.Cal. 1996) .................................................... 6

*Campbell* v. *Eastland*, 307 F.2d 478 (5th Cir. 1952)................................................... 11

*Harris* v. *Nassau County et al.*, 2014 U.S. Dist. LEXIS 94554 (E.D.N.Y. 2014)........................ 2

*Hicks* v. *City of New York*, 268 F. Supp. 2d 238 (E.D.N.Y. 2003) ................................... 9

*In re Par Pharm, Inc. Sec. Litig.*, 133 F.R.D. 12 (S.D.N.Y. 1990) ................................. 9

*Kashi* v. *Gratsos*, 790 F.2d 1050 (2d Cir. 1986)................................................... 7

*Landis* v. *N. Am. Co.*, 299 U.S. 248 (1936) ...................................................... 7

*Louis Vuitton Malletier S.A.* v. *LY USA, Inc.*, 676 F.3d 83 (2d Cir. 2012)..................... 7, 8

*Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201(S.D.N.Y. 1989)................................ 8

*Parker* v. *Dawson*, No. 06 Civ. 6191 (JFB), 2007 WL 2462677, (E.D.N.Y. Aug. 27, 2007)........ 8

*Phillip Morris Inc.* v. *Heinrich*, No. 95 Civ. 328 (LMM), 1996 WL 363156, (S.D.N.Y. June 28, 1996) ............................................................................................. 11

*SEC* v. *Beacon Hill Asset Management LLC*, No. 02 Civ. 8855 (LAK), 2003 WL 554618, (S.D.N.Y. Feb. 27, 2003) ........................................................................ 11

*SEC* v. *Carroll,* No. 19 Civ. 7199 (AT), 2020 WL 1272287 (S.D.N.Y. Mar. 17, 2020) .......... 1, 8

*SEC* v. *Chakrapani*, 2010 WL 2605819 (S.D.N.Y. June 29, 2010) .............................. 12

*SEC* v. *Chestman*, 861 F.2d 49 (2d Cir. 1988) ................................................... 6

*SEC* v. *Contorinis*, No. 09 Civ. 1043 (RJS), 2012 WL 512626, (S.D.N.Y. Feb. 3, 2012).......... 12

*SEC* v. *Credit Bancorp.*, 297 F.3d 127 (2d Cir. 2002) ............................................ 6

*SEC* v. *Dubovoy*, 15 Civ. 6076 (D.N.J. Jan. 29, 2016; *SEC* v. *One or More Unknown Purchasers of Securities of Global Indus., Ltd.*, No. 11 Civ. 6500 (RA), 2012 WL 5505738, (S.D.N.Y. Nov. 9, 2012) ................................................................................ 2

*SEC* v. *Durante et al.*, 15 Civ. 9874 (RJS) (S.D.N.Y. Mar. 23, 2016) .......................... 1

*SEC* v. *Nicholas*, 569 F. Supp. 2d 1065 (C.D. Cal. 2008) .......................... 2, 10, 11, 12

*SEC* v. *One or More Unknown Purchasers of Secs. of Global Indus.*, 2012 U.S. Dist. LEXIS 162772, (S.D.N.Y. Nov. 9, 2012) ............................................................... 12

*SEC* v. *Shkreli, et al.*, 15 Civ. 7175 (KAM), 2016 WL 1122029, (E.D.N.Y. Mar. 22, 2016)........ 2

*SEC* v. *Treadway*, No. 04 Civ. 3464 (VM) (JCF), 2005 WL 713826 (S.D.N.Y. March 30, 2005) 8

*SEC* v. *Wey*, 15 Civ. 7116 (PKC) (S.D.N.Y. June 9, 2016) ........................................ 1

*Trustees of Plumbers and Pipefitters Nat'l Pension Fund, et al.* v. *Transworld Mechanical, Inc.*, 886 F. Supp. 1134 (S.D.N.Y. 1995)............................................................. 9

*Tuzman*, 15 Civ. 7057 (AJN), Dkt. No. 43)...................................................... 8, 9

*Twenty First Century Corp.* v. *LaBianca*, 801 F. Supp. 1007 (E.D.N.Y. 1992) .................... 6, 12

*United States* v. *McCarthy*, 292 F. Supp. 937 (2d Cir. 1968)..................................... 10

*United States* v. *One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352 (S.D.N.Y. 1966)............... 8

*United States* v. *Percevault*, 490 F.2d 126 (2d Cir. 1974)...................................... 10

*Volmar Distrib., Inc.* v. *New York Post Co., Inc.*, 152 F.R.D. 36 (S.D.N.Y. 1993) ............... 8

## PRELIMINARY STATEMENT

The United States of America, by and through the Acting United States Attorney for the

Southern District of New York ("the Government"), respectfully submits this memorandum of

law in support of its application (i) to intervene in the above-captioned case, pursuant to Rule 24

of the Federal Rules of Civil Procedure, and (ii) to stay all discovery in this case until the

conclusion of the parallel criminal case, *United States* v. *Daniel Kamensky*, 20 Mag. 9381 (the

"Criminal Case").   The defendant, through counsel, consents to the Government's request for a

stay.   The SEC takes no position on the request for a stay.

Courts in this district frequently stay civil discovery when there is a parallel criminal

prosecution.   Here, the parallel Criminal Case arises from the identical set of facts and

circumstances that underlie this action.   As a result, a stay is especially appropriate because any

exchange of discovery would be asymmetrical and would allow the defendant to circumvent the

criminal discovery rules and improperly tailor his defense in the Criminal Case.   In similar

situations, courts in this Circuit and others have often entered a stay of parallel civil actions when

there is a related criminal prosecution with overlapping defendants and facts, even where, as is

not the case here, a defendant objects.   *See, e.g.*, *SEC* v. *Carroll,* No. 19 Civ. 7199 (AT), 2020

WL 1272287 (S.D.N.Y. Mar. 17, 2020) (granting, over defendants' opposition, a full stay); *SEC*

v. *Wey*, 15 Civ. 7116 (PKC) (S.D.N.Y. June 9, 2016) (after Government's motion for partial stay

of discovery, and over objection of multiple defendants, implementing full stay of discovery,

with the exception that SEC would produce testimony transcripts that had been produced in

criminal case); *SEC* v. *Durante et al.*, 15 Civ. 9874 (RJS) (S.D.N.Y. Mar. 23, 2016) (after

Government's initial motion for partial stay of discovery, fully staying discovery and

1

proceedings in the matter); *SEC* v. *Shkreli*, *et al*., 15 Civ. 7175 (KAM), 2016 WL 1122029, at **2-7 (E.D.N.Y. Mar. 22, 2016) (granting, over defendants' opposition, a full stay); *SEC* v. *Dubovoy*, 15 Civ. 6076 (D.N.J. Jan. 29, 2016; *SEC* v. *One or More Unknown Purchasers of Securities of Global Indus., Ltd.*, No. 11 Civ. 6500 (RA), 2012 WL 5505738, at *3 (S.D.N.Y. Nov. 9, 2012) (granting U.S. Attorney's Office request for full stay of discovery for six months over defendant's objection while criminal investigation was proceeding but prior to any criminal charge); *Harris* v. *Nassau County et al.*, 2014 U.S. Dist. LEXIS 94554 at *10 (E.D.N.Y. 2014) *SEC* v. *Nicholas*, 569 F. Supp. 2d 1065, 1070 (C.D. Cal. 2008)

In light of the identical set of facts underlying the parallel Criminal Case, the complications that civil discovery would cause in that Criminal Case, and the consent of the defendant, the Government respectfully requests that the Court stay discovery in this matter.

## FACTUAL BACKGROUND

This case, and the parallel Criminal Case, arise out of the same underlying events.   The facts set forth below are described in greater detail in the criminal complaint that was returned in the Criminal Case (the "Complaint"), which was unsealed on September 3, 2020, and are also described in greater detail in the SEC's complaint in this civil action.   In summary, in or about July 2020, the defendant used his position as a member of the Official Committee of Unsecured Creditors (the "Committee") in the official bankruptcy proceeding of Neiman Marcus Group Ltd LLC ("Neiman Marcus") to engage in a scheme to defraud the unsecured creditors by pressuring a global investment bank (the "Investment Bank") to withdraw its bid to purchase certain securities from the unsecured creditors at a higher price than the defendant's hedge fund Marble Ridge Capital LP ("Marble Ridge") had offered for those securities.

2

In particular, in or about May 2020, Neiman Marcus filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").   Prior to its bankruptcy filing, Neiman Marcus transferred an online luxury fashion retailer it owned named MyTheresa to another Neiman Marcus entity that did not file for bankruptcy, and some of Neiman Marcus's creditors alleged that transfer to be a fraudulent conveyance.   At the outset of the Neiman Marcus bankruptcy, the Committee was formed, and Marble Ridge—through the defendant—was appointed to serve on the Committee. In that capacity, the defendant served as a fiduciary to represent all unsecured creditors as a group.   During the bankruptcy proceeding, the Committee had negotiated with the owners of Neiman Marcus to obtain securities in MyTheresa (the "MYT Securities") in exchange for providing a release from potential fraudulent conveyance claims against them, and ultimately the Committee was successful in coming to a settlement to obtain 140 million shares of MYT Securities for the benefit of certain unsecured creditors of the bankruptcy estate (the "Settlement").

In the period before July 31, 2020, the defendant and the Committee were discussing the possibility of Marble Ridge providing a "cashout option," which would have been an offer to purchase MYT Securities from any unsecured creditor who preferred to receive cash rather than the illiquid MYT Securities.   In late July 2020, the defendant proposed to the Committee that Marble Ridge provide a cashout option by purchasing, for twenty cents per share, 60 million MYT Securities from any unsecured creditor wishing to sell MYT Securities it obtained as part of the Settlement.

On or about July 31, 2020, the defendant learned that an investment bank (the

3

"Investment Bank") had informed the financial and legal advisors to the Committee that the Investment Bank was prepared to provide a "cashout option" to purchase MYT Securities in the range of thirty cents per share—a price that was higher than the twenty cents per share that was offered by Marble Ridge.   That afternoon, the defendant sent Bloomberg chat messages to an employee of the Investment Bank asking him to refrain from making a bid for the MYT Securities, and thereafter called two Investment Bank employees and told them, among other things (a) to stand down from making a bid; (b) he would use his official role as co-chair of the Committee to prevent the Investment Bank from acquiring the MYT Securities; and (c) if the Investment Bank moved forward with its bid, Marble Ridge would cease doing business with the Investment Bank.

The Investment Bank thereafter decided not to make a bid to purchase the MYT Securities and informed the legal advisor to the Committee that it had decided to withdraw from making a bid because the defendant had asked it to do so.   After the defendant learned of that conversation, he called an employee of the Investment Bank and during that conversation—which was recorded by the employee—the defendant attempted to influence what the employee would tell others (including the Committee and law enforcement) about the defendant's attempt to block the Investment Bank's bid for the MYT Securities.

Marble Ridge has since resigned from the Committee and has advised its investors that it intends to begin winding down operations and returning investor capital.   In sworn testimony the defendant later provided during an investigation conducted by the Office of the United States Trustee, the defendant said, among other things, that his calls to the Investment Bank employees were a "terrible mistake" and "profound errors in lapses of judgment [that] violated the personal

and professional belief I tried my best to live by."

## PROCEDURAL POSTURE

A sealed criminal complaint was filed against the defendant on September 2, 2020.   The defendant was arrested and the Complaint was unsealed on September 3, 2020.   The Complaint charges the defendant with fraud in the offer or sale of securities (count 1), wire fraud (count 2), extortion and bribery in connection with bankruptcy (count 3), and obstruction of justice (count 4).   On October 5, 2020, the Honorable Barbara Moses, United States Magistrate Judge, granted the Government's consent request for a 30-day continuance of the date to charge the defendant by indictment or information, and therefore the Government's deadline to file an indictment or information, pursuant to the Speedy Trial Act and the Federal Rules of Criminal Procedure, is November 4, 2020.

The SEC filed its complaint in this matter on September 3, 2020.

## ARGUMENT

The Government's requests on consent to intervene and for a stay of discovery in this civil action should be granted.   If civil discovery were to proceed at this time, there would be a risk of significant interference with the Criminal Case.   The requested stay would not prejudice any of the parties to this civil action; would prevent the circumvention of important limitations on criminal discovery; and would preserve the Court's resources because many of the issues presented by the civil action will be resolved in the Criminal Case.

## I.     THE GOVERNMENT SHOULD BE GRANTED PERMISSION TO INTERVENE

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, anyone may intervene as of right in an action when the applicant "claims an interest relating to the property or transaction

that is the subject of the action" and the applicant "is so situated that 'disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests. . . .'" Alternatively, Rule 24(b)(2) provides for permissive intervention when the movant "has a claim or defense that shares with the main action a common question of law or fact."   The Government respectfully submits that its application satisfies both of these provisions given the effect this civil proceeding would have on the Criminal Case and the identity of claims and facts between the parallel actions.

As a general rule, courts "have allowed the government to intervene in civil actions—especially when the Government wishes to do so for the limited purpose of moving to stay discovery."   *Twenty First Century Corp.* v. *LaBianca*, 801 F. Supp. 1007, 1009 (E.D.N.Y. 1992); *see also SEC* v. *Credit Bancorp.*, 297 F.3d 127, 130 (2d Cir. 2002).   The Government has a "discernible interest in intervening in order to prevent discovery in a civil case from being used to circumvent the more limited scope of discovery in the criminal matter."   *SEC* v. *Chestman*, 861 F.2d 49, 50 (2d Cir. 1988).

As an initial matter, intervention is warranted because the Government's interests in upholding the public interest in enforcement of the criminal laws cannot be protected adequately by the existing parties in this civil litigation, none of whom represent the Government's interests with respect to the investigation and enforcement of federal criminal statutes.   *See Bureerong* v. *Uvawas*, 167 F.R.D. 83 (C.D.Cal. 1996) ("the Government's prosecutorial and investigative interest is not adequately protected by any of the civil parties . . . .   Clearly neither the plaintiff or the defendants have this identical interest.").

Moreover, discovery and a trial in this action in advance of a criminal trial could impair

or impede the Government's ability to protect its interests in the enforcement of federal criminal law.   This case and the related Criminal Case arise from the same alleged scheme to commit fraud in connection with the Neiman Marcus bankruptcy proceeding as described above. Holding a civil trial before the criminal proceedings would create the possibility that there will be two trials covering the same fraudulent acts.   This raises the probability that witnesses will be unnecessarily burdened by having to testify twice.   In light of those circumstances, the Government respectfully submits that its application to intervene should be granted.

## II.   A STAY OF DISCOVERY IS APPROPRIATE

### A.  Applicable Law

This Court has the inherent power to stay discovery in the interests of justice pending the completion of a parallel criminal case.   *See Kashi* v. *Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action.") (internal citations and quotations omitted).   "'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'"   *Louis Vuitton Malletier S.A.* v. *LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis* v. *N. Am. Co.*, 299 U.S. 248, 254 (1936)).   When considering whether to grant a stay, courts balance the following factors:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interest of the court; and (6) the public interest.

*Carroll*, 2020 WL 1272287 at *2 (quoting *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012)); *SEC* v. *Treadway*, No. 04 Civ. 3464 (VM) (JCF), 2005 WL 713826, at *2-*3 (S.D.N.Y. March 30, 2005); *see also Volmar Distrib., Inc.* v. *New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (listing similar factors).   "Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice."   *Id.*

### B.  Discussion

Application of these factors here overwhelmingly weighs in favor of the Government's requested stay, to which no party objects.

#### 1.   The Extent of Overlap

That the criminal and civil cases involve nearly identical facts and issues weighs heavily in favor of a stay.   "The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues."   *Volmar Distrib.*, 152 F.R.D. at 39 (citing Judge Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (S.D.N.Y. 1989)); *see also Tuzman*, 15 Civ. 7057 (AJN), Dkt. No. 43 at 3) (noting that "substantial overlap between the civil and criminal proceedings" weighs in favor of stay); *Parker* v. *Dawson*, No. 06 Civ. 6191 (JFB), 2007 WL 2462677, at *4 (E.D.N.Y. Aug. 27, 2007); *United States* v. *One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("Where both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all discovery in the civil case until disposition of the criminal matter.").

Here, even a cursory examination of the Complaint and the SEC's complaint reveals that the alleged wrongdoing is essentially the same.   The SEC and Criminal Case describe the same alleged scheme to commit fraud in connection with the Neiman Marcus bankruptcy proceeding.

As a result, this factor weighs heavily in favor of a stay.

### 2.      *Status of the Criminal Case*

The return of an indictment in the criminal case is also a factor that weighs in favor of a stay.  *See Tuzman*, 15 Civ. 7057 (AJN), Dkt. No. 43 at 3; *In re Par Pharm, Inc. Sec. Litig*., 133 F.R.D. 12, 13 (S.D.N.Y. 1990) ("The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment."); *Trustees of Plumbers and Pipefitters Nat'l Pension Fund, et al.* v. *Transworld Mechanical, Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995) ("A stay of a civil case is most appropriate when a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved."); *see also Hicks* v. *City of New York*, 268 F. Supp. 2d 238, 242 (E.D.N.Y. 2003) ("Indeed, the strongest argument for granting a stay is where a party is under criminal indictment…").   Here, while an indictment has not yet been filed, the defendant has been charged with felony offenses pursuant to a criminal complaint, and thus one of the concerns animating this factor—the likelihood of a defendant making incriminating statements— is present in this case.

### 3.      *The Interests of the Plaintiff and the Defendant*

No prejudice to the parties will result from the requested stay.    As noted, the defendant consents to the requested stay.    The SEC also does not oppose the requested stay.    In addition,

as there are not currently any discovery deadlines or a trial date in place in this action, there will

be no undue delay in the proceedings as a result of the stay.

### 4.      *The Public Interest*

Rule 16 of the Federal Rules of Criminal Procedure and Title 18, United States Code,

Section 3500 provide that in criminal cases, the statements of Government witnesses shall not be

the subject of discovery "until said witness has testified on direct examination" at trial.    Thus, in

the Criminal Case, the defendant would not be entitled to such statements until (or, as is the

practice in this District, shortly before) trial.    The Government and the public have an important

interest in ensuring that civil discovery is not used to circumvent the well-founded restrictions

that pertain to criminal discovery – restrictions that, *inter alia*, preserve the truth-seeking

functions of the criminal process by restraining the ability of criminal defendants to tailor

testimony, suborn perjury, manufacture evidence or intimidate witnesses.    *See United States* v.

*Percevault*, 490 F.2d 126, 129 (2d Cir. 1974) (noting that the Jencks Act "represents a legislative

determination that access to a witness' statements could be useful in impeaching a witness but

was not intended to be utilized in preparation for trial"); *United States* v. *McCarthy*, 292 F. Supp.

937, 942 (2d Cir. 1968) ("The claimed need to see such statements in advance in order to prepare

to rebut them is little more than open notice of an intention to tailor testimony to fit the

statement."); *SEC* v. *Nicholas*, 569 F. Supp. 2d 1065, 1070 (C.D.Cal. 2008) (the criminal rules

were "purposefully limited so as to prevent perjury and manufactured evidence, to protect

potential witnesses from harassment and intimidation, and to level the playing field between the

government and the defendant, who would be shielded from certain discovery by the Fifth

Amendment").

10

Courts in this district have repeatedly endorsed limitations on civil discovery in recognition of the fact that a civil litigant should not be allowed to use civil discovery to avoid the restrictions that would otherwise apply in criminal discovery to a criminal defendant.   *See SEC* v. *Beacon Hill Asset Management LLC*, No. 02 Civ. 8855 (LAK), 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) (in granting government's motion to stay, court noted: "The principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases."); *Phillip Morris Inc.* v. *Heinrich*, No. 95 Civ. 328 (LMM), 1996 WL 363156, at *19 (S.D.N.Y. June 28, 1996) (granting stay motion because if "civil discovery is not stayed, the criminal investigation will be prejudiced, as the Defendants may have an opportunity to gain evidence to which they are not entitled under criminal discovery rules."); *Bd. of Governors of the Federal Reserve System* v. *Pharaon*, 140 F.R.D. 634, 639 (S.D.N.Y. 1991) ("'A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal trial.'") (quoting *Campbell* v. *Eastland*, 307 F.2d 478, 487 (5th Cir. 1952)); *Nicholas*, 569 F. Supp. 2d at 1070 (the criminal rules were "purposefully limited so as to prevent perjury and manufactured evidence, to protect potential witnesses from harassment and intimidation, and to level the playing field between the government and the defendant, who would be shielded from certain discovery by the Fifth Amendment").   Indeed, the rationale underlying a stay is even stronger in a case where criminal charges have been filed, given that a defendant in a charged criminal case will likely invoke his Fifth Amendment rights in the civil case and not participate in the very discovery process he seeks to use affirmatively.   *See, e.g.,*

*SEC* v. *Chakrapani*, 2010 WL 2605819 (S.D.N.Y. June 29, 2010) (inviting the Government to renew its motion to stay discovery if the defendant intends to invoke the Fifth Amendment if noticed for a deposition); *Nicholas*, 569 F. Supp. 2d at 1070 (noting when granting full stay that "[t]he specter of parties and witnesses invoking their Fifth Amendment rights would render discovery largely one-sided; the SEC would produce scores of documents and witness testimony only to be precluded from gathering reciprocal discovery from the defendants").

Therefore, in order to avoid circumvention of the criminal discovery restrictions, including the provisions that are designed to prevent defendants from tailoring their testimony and intimidating witnesses, and because the defendant will not in any way be prejudiced, this factor weighs in favor of the Government's application.

### 5.    *The Interests of the Court*

Considerations of judicial economy also weigh in favor of granting a stay.   Courts have a strong interest in the efficient resolution of both the criminal and civil cases.   Issues common to both cases can be resolved in the criminal proceeding, thereby simplifying the civil action.   *See SEC* v. *Contorinis*, No. 09 Civ. 1043 (RJS), 2012 WL 512626, at *2 (S.D.N.Y. Feb. 3, 2012) ("Courts in this district have consistently found that a defendant convicted of securities fraud in a criminal proceeding is collaterally estopped from relitigating the underlying facts in a subsequent civil proceeding"); *SEC* v. *One or More Unknown Purchasers of Secs. of Global Indus.*, 2012 U.S. Dist. LEXIS 162772, at *12 (S.D.N.Y. Nov. 9, 2012) ("[T]he Civil Case is likely to benefit to some extent from the Criminal Case no matter its outcome."); *Twenty First Century Corp.*, 801 F. Supp. at 1010-11 (recognizing judicial economy as a factor to be considered).   Because the outcome of the Criminal Case could directly affect the conduct, scope, and result of the civil

proceeding, this factor favors the Government's application.

*          *          *

In sum, and as set forth above, the Government has requested a stay of the proceedings in this action; the defendant consents to the stay; there is considerable overlap between the parallel proceedings; charges have been filed in the Criminal Case; there is no prejudice to the parties from the requested stay; there is a strong public interest in preventing the civil discovery rules from being used to improperly obtain discovery in the criminal case; and judicial economy is ensured by the requested stay.   Therefore, the balance of factors overwhelmingly favors a stay of discovery.

**<u>CONCLUSION</u>**

For the reasons set forth above, the Government respectfully requests that its unopposed application to intervene and for a stay of this proceeding be granted in its entirety.   The Government is prepared to submit updates to the Court on the status of the Criminal Case on an annual or biannual basis, or on any schedule the Court directs, in order for the Court to assess whether the requested stay remains appropriate.

Dated: New York, New York
          October 19, 2020

                                               Respectfully submitted,

                                               AUDREY STRAUSS
                                               Acting United States Attorney

By:       /s/
                                               RICHARD COOPER
                                             DANIEL TRACER
                                               Assistant United States Attorneys
                                             One Saint Andrew's Plaza
                                             New York, New York 10007
                                             Telephone: (212) 637-1027/2329

14