# Exhibit B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| NEIMAN MARCUS GROUP LTD LLC, *et al.*[1] | Case No. 20-32519 (DRJ) |
| Debtors. | Jointly Administered |
| | **Related to Docket No. 1452** |

## STATUS CONFERENCE STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS RELATING TO THE MYT SERIES B PREFERRED STOCK TO BE DISTRIBUTED TO HOLDERS OF ALLOWED GENERAL UNSECURED CLAIMS

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the jointly administered bankruptcy cases of the above-captioned debtors and debtors in possession (together, the "**Debtors**") hereby files this *Status Conference Statement* (this "**Statement**") relating to the MYT Series B Preferred Stock to be distributed to Holders of Allowed General Unsecured Claims under the *Debtors' First Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code (Solicitation Version)* dated August 3, 2020 (the "**Plan**") [Docket No. 1452].[2] The Committee files this Statement to avoid, at all costs, what could be a

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neiman Marcus Group LTD LLC (9435); Bergdorf Goodman Inc. (5530); Bergdorf Graphics, Inc. (9271); BG Productions, Inc. (3650); Mariposa Borrower, Inc. (9015); Mariposa Intermediate Holdings LLC (5829); NEMA Beverage Corporation (3412); NEMA Beverage Holding Corporation (9264); NEMA Beverage Parent Corporation (9262); NM Bermuda, LLC (2943); NM Financial Services, Inc. (2446); NM Nevada Trust (3700); NMG California Salon LLC (9242); NMG Florida Salon LLC (9269); NMG Global Mobility, Inc. (0664); NMG Notes PropCo LLC (1102); NMG Salon Holdings LLC (5236); NMG Salons LLC (1570); NMG Term Loan PropCo LLC (0786); NMG Texas Salon LLC (0318); NMGP, LLC (1558); The Neiman Marcus Group LLC (9509); The NMG Subsidiary LLC (6074); and Worth Avenue Leasing Company (5996). The Debtors' service address is: One Marcus Square, 1618 Main Street, Dallas, Texas 75201.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan. Both the Plan and Disclosure Statement are included in Docket No. 1452.

1

very unproductive, protracted Confirmation Hearing. In support hereof, the Committee respectfully represents as follows:

1. The Plan proposes the Disinterested Manager Settlement (as defined in the Plan), pursuant to which the Consenting Parent[3] and Consenting Sponsors[4] shall deliver to the Reorganized Neiman on the Effective Date of the Plan 140,000,000 shares of MYT Series B Preferred Stock, inclusive of any accrued dividends (the "**Sponsor Contribution**"). All 250,000,000 of the MYT Series B Preferred Stock, including the 140,000,000 shares referenced above, are currently controlled by the Consenting Parent and the Consenting Sponsors.

2. Under the Plan, in consideration of the Disinterested Manager Settlement, the beneficiaries of the 140,000,000 shares of the MYT Series B Preferred Stock are the Holders of Allowed General Unsecured Claims in Class 10 (Funded-Debt General Unsecured Claims) and Class 11 (Non-Funded Debt General Unsecured Claims) (collectively, for purposes of this pleading only, the "**General Unsecured Creditors**"), who will share Pro Rata in the Sponsor Contribution.

3. The Disinterested Manager Settlement was presented to the Court at the hearing on July 30, 2020, regarding the Debtors' Disclosure Statement. As noted at the hearing, the Committee supports the Disinterested Manager Settlement, subject to certain conditions, including that necessary revisions are made to the terms of the MYT Series B Preferred Stock for

---

[3] The Consenting Parent is non-debtor Neiman Marcus Group, Inc.

[4] The Consenting Sponsors are: (a) Ares Corporate Opportunities Fund III, L.P.; (b) Ares Corporate Opportunities Fund IV, L.P.; (c) CPP Investment Board USRE Inc.; and (d) the foregoing Entities' investment funds or vehicles that directly or indirectly hold or control equity interests in the Debtors, but not including any operating portfolio company of any of the foregoing.

2

the protection of the General Unsecured Creditors. Broadly, the Committee required (as more fully detailed below) that the MYT Series B Preferred Stock contain the same protections afforded the MYT Series A Preferred Stock, which is held by the Holders of Third Lien Note Claims.

4.     Consistent with the foregoing, the Disclosure Statement ultimately solicited by the Debtors contains the following reservation by the Committee:

> The Creditors Committee's support of the Plan is conditioned upon: (i) the Sponsors, Consenting 2L Parties and Consenting 3L Parties agreeing on the general terms of the New MyT Documents, including the 2L MyT Distribution and the 3L MyT Distribution; (ii) *the amendment of documents relating to the MYT Series B Preferred Stock to provide the same mandatory redemption, ranking, change of control, reporting, monetization opportunity (at the appropriate level of the MYT waterfall) and other protections consistent with the MYT Series A Preferred Stock*; and (iii) the final documentation implementing the Plan being satisfactory to the Creditors Committee.

Disclosure Statement at Art. VIII, L (emphasis added) [Docket No. 1452].

5.     Since the hearing on the Disclosure Statement, the Committee has attempted to negotiate the needed modifications to the terms of the MYT Series B Preferred Stock with the Debtors (although the Debtors have no interest in the MYT Series B Preferred Stock), Scott Vogel (the "Disinterested Manager"), the Consenting Sponsors and, separately, the Noteholder Group (as described below). One would think that the Debtors and the Disinterested Manager should have every incentive to negotiate the best possible terms to the MYT Series B Preferred Stock to ensure that the General Unsecured Creditors realize the full value of these interests. Unfortunately, the Committee's efforts have largely been ignored or deflected by the Debtors

and the Disinterested Manager, as reflected in the various email communications attached hereto as **Exhibit A**, **Exhibit B**, and **Exhibit C**.

6.      The Noteholder Group is an *ad hoc* group of holders of approximately 99% of the Second Lien Notes and approximately 70% of the Third Lien Notes.  Critically, the Noteholder Group also holds all of the MYT Series A Preferred Stock and has a lien on 50% of the common Shares of MYT Holding Co., which is ***junior*** to the MYT Series B Preferred Stock to be distributed to the General Unsecured Creditors.[5]  Thus, the Noteholder Group's input, support and agreement with respect to the terms of the MYT Series B Preferred Stock is necessary and appropriate.  The Committee is pleased to report that the Noteholder Group and the Committee have made significant progress with respect to the terms of the MYT Series B Preferred Stock, but as of this date, such terms are not acceptable to the Debtors or the Consenting Sponsors.

7.      Notwithstanding having provided the Debtors, the Disinterested Manager, and the Consenting Sponsors *redline* forms of proposed modifications, the Debtors, the Disinterested Manager, and the Consenting Sponsors have refused to incorporate any reasonable protections, such as basic covenants and information rights, for the General Unsecured Creditors even though, upon the Effective Date, the General Unsecured Creditors will hold the majority of the MYT Series B Preferred Stock.[6]  Without these protections, the value of the MYT Series B Preferred Stock is simply illusory from the perspective of General Unsecured Creditors.

---

[5]  The MYT Series A Preferred Stock is ***senior*** to the MYT Series B Preferred Stock.  Like the Series B Preferred Stock, the MYT Series A Preferred Stock has a liquidation price of $250,000,000.  The common stock of MYT Holding Co. in which the Noteholder Group has a 50% interest is ***junior*** to the MYT Series B Preferred Stock.
[6]  With respect to Holders of Non-Funded Debt General Unsecured Claims, the Committee's preference is that the MYT Series B Stock is distributed into a Liquidating Trust to be held for the benefit of such Holders, unless any Holder elects to opt-out of such Trust and prefers to receive such Stock directly.  The Committee continues to consider an appropriate structure for holding the MYT Series B Preferred Stock.

4

8.      As part of confirmation of the Plan, the Court will necessarily have to consider the value of the Disinterested Manager Settlement and the reasonableness and fairness of the entire Plan, which will become even more difficult when considering the lack of reasonable provisions in the MYT Series B Preferred Stock.  The primary value to be realized by the estates for the resolution of fraudulent transfer claims against the Consenting Parent and the Consenting Sponsors -- claims which even the Disinterested Manager has acknowledged -- relating to the MyTheresa assets is the 140,000,000 shares of the MYT Series B Preferred Stock.  In order for such settlement to be reasonable from the perspective of the estates, the MYT Series B Preferred Stock must have tangible protections that ensure that the General Unsecured Creditors will be paid when and if a liquidation event occurs.  As the structure of the MYT Series B Preferred Stock currently stands, any value that should otherwise go to the General Unsecured Creditors from the MyTheresa assets on account of the MYT Series B Preferred Stock could be diverted, sidestepped, or otherwise avoided for the benefit of the Consenting Sponsors.

9.      The following chart summarizes the key outstanding issues with respect to the MYT Series B Preferred Stock:

| REQUESTED MODIFICATION TO MYT SERIES B PREFERRED STOCK | REASON WHY CHANGE IS NECESSARY | RESPONSE FROM DEBTORS/ CONSENTING SPONSORS |
|---|---|---|
| 1. Incorporate maturity date for redemption of MYT Series B Preferred Stock that is earlier of Change of Control or 91 days after the MYT Series A Preferred Stock maturity date in 2029. | Without a maturity date, there is no deadline for any value to be distributed to Holders of General Unsecured Claims. | No. |

| | | |
|---|---|---|
| 2. Incorporate protective covenants like the MYT Series A Preferred Stock, including limitations on distributions to junior securities, issuance of equity interests, harmful reorganizations, liquidations, transactions with affiliates, amendment of governance documents or PIK note obligations, and circumvention of covenants by use of mergers or other means. MYT Series A Preferred Stock also has benefit of financial covenants. | Without protective non-financial covenants, the Consenting Parent and the Consenting Sponsors could structure transactions that have the effect of preventing value from being distributed to Holders of General Unsecured Claims. | No. |
| 3. Eliminate any ability to reduce the liquidation preference for the MYT Series B Preferred Stock to the level set by a voluntary reduction to the liquidation preference for the MYT Series A Preferred Stock. | If Holders of MYT Series A Preferred Stock decide, for whatever reason, to return their shares for less than their liquidation preference, the MYT Series B Preferred Stock should be unaffected. | No. |
| 4. The vote of a holder majority of the MYT Series B Preferred Stock should exclude the Consenting Parent, the Consenting Sponsors, or any of their affiliates or designees. | Without this limitation, the Consenting Parent, the Consenting Sponsors, or their affiliates or designees could purchase a few of the MYT Series B Preferred Stock from Holders of General Unsecured Claims and thereby take controlling actions that could adversely impact all of the MYT Series B Preferred Stock. | No. |
| 5. Provide reporting and information rights same as MYT Series A Preferred Stock. | Without reporting rights, the Holders of General Unsecured Claims would be precluded from any information about the status or value of the MyTheresa assets. | No. |

A more detailed listing of the Committee's requested modifications to the MYT Series B Preferred Stock is attached hereto as **Exhibit D**.

10.     Absent the foregoing basic protections, the Disinterested Manager Settlement and the Sponsor Contribution are a farce. General Unsecured Creditors have no visibility and no protections whatsoever from the Consenting Parent or the Consenting Sponsors who may never provide information or pay anything on account of the MYT Series B Preferred Stock. Complete control by the Consenting Sponsors was obviously fine when they held all of the MYT Series B

6

Preferred Stock themselves.  However, under the Plan, the General Unsecured Creditors will receive the majority of the MYT Series B Preferred Stock and they should not be hindered by the Consenting Sponsors.  The General Unsecured Creditors must have reasonable reporting rights and payment protections.

11.    In light of the fact that the Debtors, the Disinterested Manager, and the Consenting Sponsors have refused to engage with the Committee in a meaningful way with respect to the terms of the MYT Series B Preferred Stock, the Committee has noticed a deposition and requested document discovery from the Disinterested Manager.  Such discovery is attached hereto as **Exhibit E**.  Despite repeated requests, counsel to the Disinterested Manager has refused to commit to produce the requested documents by August 21, 2020, or to set a date for the Disinterested Manager's deposition except right around the objection deadline to the Plan. The Debtors and the Disinterested Manager should be working cooperatively with the Committee to negotiate acceptable revisions to the MYT Series B Preferred Stock and to pressure the Consenting Sponsors to agree to reasonable modifications.  To date, the Debtors and the Disinterested Manager have failed to take any affirmative steps to assist the Committee and the estates except to convey the Consenting Sponsors' position.

12.    Based on the foregoing, the Committee intends to raise the following matters for the Court's consideration at the status conference:

First, the Committee is prepared to submit to mediation with the Debtors, the Disinterested Manager, and the Consenting Sponsors in an effort to resolve the narrow issues involving the revised terms of the MYT Series B Preferred Stock.  The Committee

7

is cognizant of the Court's position that mediation will not be ordered unless all parties support it. Nevertheless, the Committee is optimistic that the Court's insight as to a possible resolution of the current impasse will be helpful to all parties and will avoid what could be a very difficult confirmation hearing.

Second, with the objection deadline to the Plan (August 31, 2020) and the Confirmation Hearing (September 4, 2020) fast approaching, the Committee requests this Court's direction to the Disinterested Manager to produce non-privileged responsive documents to the Committee's narrow requests by August 21, 2020, and to appear for a deposition on August 24, 2020.

Third, whether mediation is ordered or not, the Committee requests guidance from the Court so that the settlement of extremely valuable claims relating to the MyTheresa assets is not lost through securities that have no value and to avoid protracted confirmation litigation.

13.    The Committee looks forward to addressing these issues with the Court at the status conference.

*[signature page follows]*

Dated: August 20, 2020

/s/ Michael D. Warner
COLE SCHOTZ P.C.
Michael D. Warner, Esq. (TX Bar No. 00792304)
Benjamin L. Wallen, Esq. (TX Bar No. 24102623)
301 Commerce Street, Suite 1700
Fort Worth, TX 76102
Telephone: (817) 810-5250
Facsimile: (817) 810-5255
Email: mwarner@coleschotz.com
bwallen@coleschotz.com

*Co-Counsel for the Official Committee of
Unsecured Creditors*

PACHULSKI STANG ZIEHL & JONES LLP
Richard M. Pachulski, Esq.
Jeffrey N. Pomerantz, Esq.
Alan J. Kornfeld, Esq.
Maxim B. Litvak, Esq. (TX Bar No. 24002482)
Steven W. Golden, Esq. (TX Bar No. 24099681)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4100
Telephone: (310) 227-6910
Email: rpachulski@pszjlaw.com
jpomerantz@pszjlaw.com
akornfeld@pszjlaw.com
mlitvak@pszjlaw.com
sgolden@pszjlaw.com

*Lead Counsel for the Official Committee of
Unsecured Creditors*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August, 2020, a true and correct copy of the above and foregoing has been served by electronic transmission to all registered CM/ECF users appearing in these cases.

/s/ Michael D. Warner
Michael D. Warner

**Exhibit A**

Email exchange between, among others, Richard Pachulski and
David Barton of Pachulski Stang Ziehl & Jones LLP ("PSZJ"), counsel to the
Committee, Philippa Bond of Kirkland & Ellis LLP ("Kirkland"), counsel to the
Debtors, and Brian Lennon of Willkie Farr & Gallagher LLP ("Willkie"), counsel to the
Disinterested Manager, dated August 11, 2020 through August 17, 2020

**From:** rpachulski@pszjlaw.com
**Sent:** August 17, 2020 8:23 AM
**To:** BLennon@willkie.com
**Cc:** akornfeld@pszjlaw.com; mwarner@coleschotz.com; jpomerantz@pszjlaw.com; ddunne@milbank.com; dbarton@pszjlaw.com; IMCEAINVALID-Justin+2EBryant+40bakermckenzie+2Ecom@Willkie.com; IMCEAINVALID-Bryan+2EKoorstad+40bakermckenzie+2Ecom@Willkie.com; IMCEAINVALID-Leif+2EKing+40bakermckenzie+2Ecom@Willkie.com; IMCEAINVALID-arosenberg+40paulweiss+2Ecom@Willkie.com; IMCEAINVALID-dhuntington+40paulweiss+2Ecom@Willkie.com; IMCEAINVALID-aeaton+40paulweiss+2Ecom@Willkie.com; IMCEAINVALID-zeiger+40kirkland+2Ecom@Willkie.com; IMCEAINVALID-gavin+2Ecampbell+40kirkland+2Ecom@Willkie.com; IMCEAINVALID-anum+2Echaudhry+40kirkland+2Ecom@Willkie.com; IMCEAINVALID-onnolee+2Ekeland+40kirkland+2Ecom@Willkie.com; IMCEAINVALID-peter+2Eliskanich+40kirkland+2Ecom@Willkie.com; IMCEAINVALID-asathy+40kirkland+2Ecom@Willkie.com; IMCEAINVALID-chusnick+40kirkland+2Ecom@Willkie.com; IMCEAINVALID-jonathan+2Ebenloulou+40kirkland+2Ecom@Willkie.com; IMCEAINVALID-matthew+2Efagen+40kirkland+2Ecom@Willkie.com; IMCEAINVALID-amoses+40milbank+2Ecom@Willkie.com; IMCEAINVALID-ddunne+40milbank+2Ecom@Willkie.com; IMCEAINVALID-TKreller+40milbank+2Ecom@Willkie.com; IMCEAINVALID-aleblanc+40milbank+2Ecom@Willkie.com; IMCEAINVALID-svora+40milbank+2Ecom@Willkie.com; IMCEAINVALID-jskiernan+40debevoise+2Ecom@Willkie.com; IMCEAINVALID-jball+40debevoise+2Ecom@Willkie.com; IMCEAINVALID-eweisgerber+40debevoise+2Ecom@Willkie.com; IMCEAINVALID-jpomerantz+40pszjlaw+2Ecom@Willkie.com; IMCEAINVALID-mlitvak+40pszjlaw+2Ecom@Willkie.com; IMCEAINVALID-Derek+2ELiu+40bakermckenzie+2Ecom@Willkie.com; IMCEAINVALID-SBadawi+40milbank+2Ecom@Willkie.com; IMCEAINVALID-MPrice+40milbank+2Ecom@Willkie.com; IMCEAINVALID-mwarner+40coleschotz+2Ecom@Willkie.com; IMCEAINVALID-michael+2Eworonoff+40kirkland+2Ecom@Willkie.com; IMCEAINVALID-

1

jzeiger+40kirkland+2Ecom@Willkie.com; pippa.bond@kirkland.com; jafeltman@WLRK.com; EAKleinhaus@wlrk.com; AMoses@milbank.com; dhuntington@paulweiss.com; jonathan.benloulou@kirkland.com; peter.liskanich@kirkland.com; SBadawi@milbank.com; Jtanderson@milbank.com; NChitayat@milbank.com; AWang1@milbank.com; NMGWillkie@willkie.com

**Subject:** Re: Neiman Marcus/Series B Documents

Frankly Brian, I am not going to debate with you the fact that the settlement was clearly contingent on the Series B Certificate being similar to the Series A Certificate and that your client could care less about providing a fair settlement to the unsecured creditors. The unsecureds have been provided an illusory settlement by your client, plain and simple. Rather than try to fix it you go on a diatribe below. The idea that you believe we should pick up the phone and negotiate with the Sponsors and their counsel is a joke since we tried to engage with the them to discuss Settlement early on, which they refused to do, and immediately after the conditional Settlement to discuss the Series B Certificate, which they have also refused to do. You obviously know why they won't negotiate with the Committee, as your client and you are the cause of that.

If your client wants to be helpful for once, you should work to get the Series B Certificate worth something in the first place and, if you cannot, push for mediation. In the interim, your dates for Scott Vogel's deposition 3 days before, or just after the Plan Objection deadline, do not work. We are sending out our request for his deposition for August 24. If Scott cannot make that date and you will only give us a date a couple of days before the Plan Objection Deadline, please advise and we will let the Court decide as we will schedule an immediate status conference with the Judge. We will not let you voluntarily jam us as you have tried to do throughout this case.

Regards,

Richard

P. S. I just saw that you have some wrong e-mail addresses in this e-mail. I would appreciate your sending me the ones that are incorrect.

Sent from my BlackBerry - the most secure mobile device

**From:** BLennon@willkie.com
**Sent:** August 17, 2020 6:04 AM
**To:** rpachulski@pszjlaw.com
**Cc:** akornfeld@pszjlaw.com; mwarner@coleschotz.com; jpomerantz@pszjlaw.com; ddunne@milbank.com; dbarton@pszjlaw.com; IMCEAINVALID-Justin+2EBryant+40bakermckenzie+2Ecom@Willkie.com; IMCEAINVALID-Bryan+2EKoorstad+40bakermckenzie+2Ecom@Willkie.com; IMCEAINVALID-Leif+2EKing+40bakermckenzie+2Ecom@Willkie.com; IMCEAINVALID-arosenberg+40paulweiss+2Ecom@Willkie.com; IMCEAINVALID-dhuntington+40paulweiss+2Ecom@Willkie.com; IMCEAINVALID-aeaton+40paulweiss+2Ecom@Willkie.com; IMCEAINVALID-zeiger+40kirkland+2Ecom@Willkie.com; IMCEAINVALID-gavin+2Ecampbell+40kirkland+2Ecom@Willkie.com; IMCEAINVALID-anum+2Echaudhry+40kirkland+2Ecom@Willkie.com; IMCEAINVALID-onnolee+2Ekeland+40kirkland+2Ecom@Willkie.com; IMCEAINVALID-peter+2Eliskanich+40kirkland+2Ecom@Willkie.com; IMCEAINVALID-asathy+40kirkland+2Ecom@Willkie.com; IMCEAINVALID-chusnick+40kirkland+2Ecom@Willkie.com; IMCEAINVALID-jonathan+2Ebenloulou+40kirkland+2Ecom@Willkie.com; IMCEAINVALID-matthew+2Efagen+40kirkland+2Ecom@Willkie.com; IMCEAINVALID-amoses+40milbank+2Ecom@Willkie.com; IMCEAINVALID-ddunne+40milbank+2Ecom@Willkie.com; IMCEAINVALID-TKreller+40milbank+2Ecom@Willkie.com; IMCEAINVALID-aleblanc+40milbank+2Ecom@Willkie.com; IMCEAINVALID-svora+40milbank+2Ecom@Willkie.com; IMCEAINVALID-jskiernan+40debevoise+2Ecom@Willkie.com; IMCEAINVALID-jball+40debevoise+2Ecom@Willkie.com; IMCEAINVALID-eweisgerber+40debevoise+2Ecom@Willkie.com; IMCEAINVALID-jpomerantz+40pszjlaw+2Ecom@Willkie.com; IMCEAINVALID-mlitvak+40pszjlaw+2Ecom@Willkie.com; IMCEAINVALID-Derek+2ELiu+40bakermckenzie+2Ecom@Willkie.com; IMCEAINVALID-SBadawi+40milbank+2Ecom@Willkie.com;

IMCEAINVALID-MPrice+40milbank+2Ecom@Willkie.com; IMCEAINVALID-mwarner+40coleschotz+2Ecom@Willkie.com; IMCEAINVALID-michael+2Eworonoff+40kirkland+2Ecom@Willkie.com; IMCEAINVALID-jzeiger+40kirkland+2Ecom@Willkie.com; pippa.bond@kirkland.com; JAFeltman@wlrk.com; EAKleinhaus@wlrk.com; AMoses@milbank.com; dhuntington@paulweiss.com; jonathan.benloulou@kirkland.com; peter.liskanich@kirkland.com; dbarton@pszjlaw.com; SBadawi@milbank.com; Jtanderson@milbank.com; NChitayat@milbank.com; AWang1@milbank.com; NMGWillkie@willkie.com

**Subject:** RE: Neiman Marcus/Series B Documents

Richard,

Threatening Scott with depositions and 2004 discovery is not going to help you resolve the Series B issues and is simply a waste of time and estate resources, absolutely contrary to the spirit of the settlement. Last night you received the revised draft of the Series B certificate, which should resolve your concerns and, in my opinion, goes beyond anything contemplated in our settlement discussions. You are well aware that the terms of the Series B certificate was never raised as an issue during negotiations and only became an issue after the UCC voted to support the settlement (a move that you have made abundantly clear that you disagree with). If the UCC continues to have issues with the revised certificate, you can and should raise them directly with MyT's counsel and the Sponsors by picking up the phone and calling them. If you continue to insist on harassing Scott with deposition threats, you can rest assured that, as of this morning, he is generally available on August 28, September 1, and September 3.

Brian

**Brian Lennon**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8295 | Fax: +1 212 728 9295
blennon@willkie.com | vCard | www.willkie.com bio

-----Original Message-----
From: Richard Pachulski [mailto:rpachulski@pszjlaw.com]
Sent: Saturday, August 15, 2020 8:38 PM
To: Lennon, Brian <BLennon@willkie.com>
Cc: Alan Kornfeld <akornfeld@pszjlaw.com>; Michael Warner <mwarner@coleschotz.com>; Jeff Pomerantz <jpomerantz@pszjlaw.com>
Subject: Fw: Neiman Marcus/Series B Documents

*** EXTERNAL EMAIL ***

Brian, as you can see below I am not optimistic that the unsecured creditors will be getting an appropriately amended Series B Certificate and, as reflected below by Pippa Bond, nothing that looks like the Series A Certificate, which is a condition of the Committee approving the MyTheresa Settlement

I have now sent you e-mails since Wednesday just requesting some dates and times that will accommodate Scott Vogel in the event the Series B, as amended, does not address the Committee's issues and concerns. While we are hopeful that Pippa's characterization of the amended Series B is inaccurate, for which the unsecureds have a majority as provided in the Independent Manager's settlement proposal in the Plan, but have not been given one second to discuss with the appropriate parties, the Committee must prepare in case our interpretation of the below is correct.

Accordingly, I ask you again for convenient times and dates for Scott Vogel's examination, that we intend to file and serve notice of on Monday, so we can include a date and time instead of advising the Court that you have been non-responsive, and left us after numerous inquiries to pick our own convenient date and time.

Of course we hope the Series B Certificate is appropriately modified so Mr. Vogel's examination need not go forward, and we will review immediately upon receipt but, for now, the Committee is looking to be diligent in the event it believes the Series B is not adequate, as amended.

Please advise whether you will provide the date and time as requested, or that we should just put in a date and time we deem appropriate.

Regards,

Richard

Sent from my BlackBerry - the most secure mobile device
From: rpachulski@pszjlaw.com
Sent: August 14, 2020 7:56 PM
To: pippa.bond@kirkland.com
Cc: dbarton@pszjlaw.com; Justin.Bryant@bakermckenzie.com; Bryan.Koorstad@bakermckenzie.com;
Leif.King@bakermckenzie.com; arosenberg@paulweiss.com; dhuntington@paulweiss.com; aeaton@paulweiss.com;
zeiger@kirkland.com; gavin.campbell@kirkland.com; anum.chaudhry@kirkland.com; onnolee.keland@kirkland.com;
peter.liskanich@kirkland.com; asathy@kirkland.com; chusnick@kirkland.com; jonathan.benloulou@kirkland.com;
matthew.fagen@kirkland.com; amoses@milbank.com; ddunne@milbank.com; TKreller@milbank.com;
aleblanc@milbank.com; svora@milbank.com; jskiernan@debevoise.com; jball@debevoise.com;
eweisgerber@debevoise.com; jpomerantz@pszjlaw.com; mlitvak@pszjlaw.com; Derek.Liu@bakermckenzie.com;
SBadawi@milbank.com; MPrice@milbank.com; mwarner@coleschotz.com; akornfeld@pszjlaw.com;
michael.woronoff@kirkland.com; jzeiger@kirkland.com
Subject: Re: Neiman Marcus/Series B Documents


Pippa, I do not understand the point of your e-mail and I reaffirm my comments in my e-mail of August 12, 2020 at 6:15
am. Please advise if your e-mail is a formal rejection of the Committee's request for mediation since your e-mail just sent
is nothing more than a reaffirmation of your August 12, 2020 e-mail, which is clear that the vast majority of the
Committee's comments to the Series B Certificate will be rejected.

Also, please advise if MYT, the 2Ls and the Sponsors have completed their deal.

Regards,

Richard

Sent from my BlackBerry - the most secure mobile device
From: pippa.bond@kirkland.com
Sent: August 14, 2020 7:46 PM
To: rpachulski@pszjlaw.com
Cc: dbarton@pszjlaw.com; Justin.Bryant@bakermckenzie.com; Bryan.Koorstad@bakermckenzie.com;
Leif.King@bakermckenzie.com; arosenberg@paulweiss.com; dhuntington@paulweiss.com; aeaton@paulweiss.com;
zeiger@kirkland.com; gavin.campbell@kirkland.com; anum.chaudhry@kirkland.com; onnolee.keland@kirkland.com;
peter.liskanich@kirkland.com; asathy@kirkland.com; chusnick@kirkland.com; jonathan.benloulou@kirkland.com;
matthew.fagen@kirkland.com; amoses@milbank.com; ddunne@milbank.com; TKreller@milbank.com;
aleblanc@milbank.com; svora@milbank.com; jskiernan@debevoise.com; jball@debevoise.com;
eweisgerber@debevoise.com; jpomerantz@pszjlaw.com; mlitvak@pszjlaw.com; Derek.Liu@bakermckenzie.com;
SBadawi@milbank.com; MPrice@milbank.com; mwarner@coleschotz.com; akornfeld@pszjlaw.com;
michael.woronoff@kirkland.com; Derek.Liu@bakermckenzie.com; SBadawi@milbank.com; jzeiger@kirkland.com;
gavin.campbell@kirkland.com
Subject: Re: Neiman Marcus/Series B Documents


Richard, as you know, counsel to the bondholders, sponsors, MYT and debtors have been working on terms for the 2L
and 3L distributions.  Because all of the MYT documents must work together, the preferred documentation is part of that
process.   We understand that a draft of the Series B documentation will be provided to you over the weekend.   As we
indicated previously, it will contain principally technical and enabling changes that preserve (not extend) the economics of
the Series B and will not include restrictive covenants or incorporate terms of the Series A.  Best, pippa

Philippa Bond, P.C.
--------------------------------------------------------
KIRKLAND & ELLIS LLP
2049 Century Park East, 37th Floor, Los Angeles, CA 90067 T +1 310 552 4222<tel:+1%20310%20552%204222>  M +1
323 244 0654<tel:+1%20323%20244%200654> F +1 310 552 5900<tel:+1%20310%20552%205900>
--------------------------------------------------------
pippa.bond@kirkland.com<mailto:pippa.bond@kirkland.com>

On Aug 12, 2020, at 6:15 AM, Richard Pachulski <rpachulski@pszjlaw.com> wrote:

 Pippa, I find it odd that we are not involved in the amendment process, but rather you will just give us a document and say take-it-or-leave-it. We have been very clear since the DS hearing that the Committee expects the Series B to look like the Series A, except there would be no change to the Waterfall or the priorities. This is the first we are hearing, even though we have sent comments before, that there is an unwillingness to provide protections in the Series B, similar to the Series A.

The Committee would recommend that you provide us the revised Series B ASAP and, if the Committee has a problem with the document, that we go into mediation ASAP to see if we can resolve the issues relating to Series B.

Could you also please advise who is leading the decisionmaking and documentation of the MyTheresa documents.

Please advise so the Committee can determine next steps.

Regards,

Richard

Sent from my BlackBerry - the most secure mobile device
From: pippa.bond@kirkland.com
Sent: August 12, 2020 12:22 AM
To: dbarton@pszjlaw.com
Cc: Justin.Bryant@bakermckenzie.com; Bryan.Koorstad@bakermckenzie.com; Leif.King@bakermckenzie.com; arosenberg@paulweiss.com; dhuntington@paulweiss.com; aeaton@paulweiss.com; zeiger@kirkland.com; gavin.campbell@kirkland.com; anum.chaudhry@kirkland.com; onnolee.keland@kirkland.com; peter.liskanich@kirkland.com; asathy@kirkland.com; chusnick@kirkland.com; jonathan.benloulou@kirkland.com; matthew.fagen@kirkland.com; amoses@milbank.com; ddunne@milbank.com; TKreller@milbank.com; aleblanc@milbank.com; svora@milbank.com; jskiernan@debevoise.com; jball@debevoise.com; eweisgerber@debevoise.com; rpachulski@pszjlaw.com; jpomerantz@pszjlaw.com; mlitvak@pszjlaw.com; Derek.Liu@bakermckenzie.com; SBadawi@milbank.com; MPrice@milbank.com
Subject: Re: Neiman Marcus/Series B Documents

David, thanks for your note. In connection with the amendment of existing MYT documents to reflect the 2L and 3L distribution terms, amendments to the Series A and Series B documentation are already in process. Drafts of those will be provided when they are available. As we have said previously, to the extent your proposed revisions are narrowly technical or enabling to preserve or give effect to the waterfall and preserve the existing economic position of the Series B as set forth in the waterfall, we expect that there will be stakeholder support to accommodate them. We expect that a number of your requested modifications will be acceptable on that basis and would be considered for inclusion in the applicable documents. Any other changes will be not be acceptable. These include any changes that would affect the economics (including mandatory redemption/term and incremental distributions), add covenants to the Series B or incorporate terms of Series A. Thanks

Philippa Bond, P.C.
-----------------------------------------------------------
KIRKLAND & ELLIS LLP
2049 Century Park East, 37th Floor, Los Angeles, CA 90067 T +1 310 552 4222<tel:+1%20310%20552%204222> M +1 323 244 0654<tel:+1%20323%20244%200654> F +1 310 552 5900<tel:+1%20310%20552%205900>
-----------------------------------------------------------
pippa.bond@kirkland.com<mailto:pippa.bond@kirkland.com>

On Aug 11, 2020, at 9:15 AM, David Barton <dbarton@pszjlaw.com> wrote:

Attached for your review are the following documents relating to the Cumulative Series B Preferred Stock of MYT Holding Co.:

1. Clean and comparison copies of a proposed Second Amended and Restated Certificate of Incorporation of MYT

Holding Co. The comparison copy is marked to show differences with the current certificate of incorporation of MYT Holding Co.

2. Clean and comparison copies of a proposed letter agreement amending and restating the letter agreement dated June 7, 2019 between MYT Parent Co. and MYT Holding Co. The comparison copy is marked to show differences with the original June 7, 2019 letter agreement.

3. Clean and comparison copies of a proposed Amended and Restated Certificate of Designation of Cumulative Series B Preferred Stock of MYT Holding Co. The comparison copy is marked to show differences with the existing Series A Certificate of Designation, a comparison which we considered possibly more useful than a comparison with the existing Series B COD.

Please include anyone on your teams who should be looped in on these documents, which continue to be under review and comment by the Committee.

Thanks in advance for your prompt attention to these documents. We look forward to your response.
David Barton
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
dbarton@pszjlaw.com<mailto:dbarton@pszjlaw.com>
vCard<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.pszjlaw.com_vcard-2D5.vcf&d=DwMF-g&c=d4QUMdAn6M0Mbv3jzCCgJ4TWUi-bKfYzDU5LNH0X26s&r=8lHS6cTlwZwyXLt0maKaCEV17xzstsPFBlhawz07eLA&m=VT0weH59hFJbXtBNZ4E22dPCtUueEiMFrZMGkpPaqSo&s=CtRGxadA04MTluXPeSRRZCni_UkUipcC9-4o8rebBGY&e=<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.pszjlaw.com_vcard-2D5.vcf&d=DwMF-g&c=d4QUMdAn6M0Mbv3jzCCgJ4TWUi-bKfYzDU5LNH0X26s&r=8lHS6cTlwZwyXLt0maKaCEV17xzstsPFBlhawz07eLA&m=VT0weH59hFJbXtBNZ4E22dPCtUueEiMFrZMGkpPaqSo&s=CtRGxadA04MTluXPeSRRZCni_UkUipcC9-4o8rebBGY&e=>>  |
Bio<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.pszjlaw.com_attorneys-2Ddavid-2Dj-2Dbarton.html&d=DwMF-g&c=d4QUMdAn6M0Mbv3jzCCgJ4TWUi-bKfYzDU5LNH0X26s&r=8lHS6cTlwZwyXLt0maKaCEV17xzstsPFBlhawz07eLA&m=VT0weH59hFJbXtBNZ4E22dPCtUueEiMFrZMGkpPaqSo&s=VvwSnsgRRO0AA5i44t3nMWjwO4Up2Co_MT45F_iapnw&e=<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.pszjlaw.com_attorneys-2Ddavid-2Dj-2Dbarton.html&d=DwMF-g&c=d4QUMdAn6M0Mbv3jzCCgJ4TWUi-bKfYzDU5LNH0X26s&r=8lHS6cTlwZwyXLt0maKaCEV17xzstsPFBlhawz07eLA&m=VT0weH59hFJbXtBNZ4E22dPCtUueEiMFrZMGkpPaqSo&s=VvwSnsgRRO0AA5i44t3nMWjwO4Up2Co_MT45F_iapnw&e=>  |
LinkedIn<https://urldefense.proofpoint.com/v2/url?u=https-3A__www.linkedin.com_pub_david-2Dbarton_25_707_b70&d=DwMF-g&c=d4QUMdAn6M0Mbv3jzCCgJ4TWUi-bKfYzDU5LNH0X26s&r=8lHS6cTlwZwyXLt0maKaCEV17xzstsPFBlhawz07eLA&m=VT0weH59hFJbXtBNZ4E22dPCtUueEiMFrZMGkpPaqSo&s=ICflvZKR8bsWNtgUKQIB-1ezhkcSDIEcVxNHik6w9_8&e=<https://urldefense.proofpoint.com/v2/url?u=https-3A__www.linkedin.com_pub_david-2Dbarton_25_707_b70&d=DwMF-g&c=d4QUMdAn6M0Mbv3jzCCgJ4TWUi-bKfYzDU5LNH0X26s&r=8lHS6cTlwZwyXLt0maKaCEV17xzstsPFBlhawz07eLA&m=VT0weH59hFJbXtBNZ4E22dPCtUueEiMFrZMGkpPaqSo&s=ICflvZKR8bsWNtgUKQIB-1ezhkcSDIEcVxNHik6w9_8&e=>>

<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.pszjlaw.com_&d=DwMF-g&c=d4QUMdAn6M0Mbv3jzCCgJ4TWUi-bKfYzDU5LNH0X26s&r=8lHS6cTlwZwyXLt0maKaCEV17xzstsPFBlhawz07eLA&m=VT0weH59hFJbXtBNZ4E22dPCtUueEiMFrZMGkpPaqSo&s=J8trOdmq1KtgSFdoFmZB6dMsg6P-WCR05B_zNiUDmKU&e=<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.pszjlaw.com_&d=DwMF-g&c=d4QUMdAn6M0Mbv3jzCCgJ4TWUi-bKfYzDU5LNH0X26s&r=8lHS6cTlwZwyXLt0maKaCEV17xzstsPFBlhawz07eLA&m=VT0weH59hFJbXtBNZ4E22dPCtUueEiMFrZMGkpPaqSo&s=J8trOdmq1KtgSFdoFmZB6dMsg6P-WCR05B_zNiUDmKU&e=>>
<image001.jpg>
Los Angeles | San Francisco | Wilmington, DE | New York | Costa Mesa

_____

CONFIDENTIALITY
This e-mail message and any attachments thereto is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail message, you are hereby notified that any dissemination, distribution or copying of this e-mail message, and any attachments thereto is strictly prohibited. If you have received this e-mail message in error, please immediately notify me by telephone and permanently delete the original and any copies of this email and any prints thereof.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance and effect, absent an express statement to the contrary hereinabove, this e-mail message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Pachulski Stang Ziehl & Jones LLP, any of its clients, or any other person or entity.
<DOCS_LA-#331237-v7-A&R_Certificate_of_Designation_of_Series_B_Preferred_....docx>
<DOCS_LA-#331237-vpdf-A&R_Certificate_of_Designation_of_Series_B_Preferre....pdf>
<DOCS_LA-#331222-v3-A&R_Certificate_of_Incorporation--MYT_Holdco.docx>
<DOCS_LA-#331222-vpdf-A&R_Certificate_of_Incorporation--MYT_Holdco.pdf>
<DOCS_LA-#331225-v4-MYT_Parent-Holdco_Letter_Agreement.docx>
<DOCS_LA-#331225-vpdf-MYT_Parent-Holdco_Letter_Agreement.pdf>


The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com<mailto:postmaster@kirkland.com>, and destroy this communication and all copies thereof, including all attachments.


_____

CONFIDENTIALITY
This e-mail message and any attachments thereto is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail message, you are hereby notified that any dissemination, distribution or copying of this e-mail message, and any attachments thereto is strictly prohibited. If you have received this e-mail message in error, please immediately notify me by telephone and permanently delete the original and any copies of this email and any prints thereof.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance and effect, absent an express statement to the contrary hereinabove, this e-mail message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Pachulski Stang Ziehl & Jones LLP, any of its clients, or any other person or entity.


The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com<mailto:postmaster@kirkland.com>, and destroy this communication and all copies thereof, including all attachments.


_____

CONFIDENTIALITY
This e-mail message and any attachments thereto is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail message, you

are hereby notified that any dissemination, distribution or copying of this e-mail message, and any attachments thereto is strictly prohibited. If you have received this e-mail message in error, please immediately notify me by telephone and permanently delete the original and any copies of this email and any prints thereof.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance and effect, absent an express statement to the contrary hereinabove, this e-mail message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Pachulski Stang Ziehl & Jones LLP, any of its clients, or any other person or entity.

---

**Important Notice:**  This email message is intended to be received only by persons entitled to receive the confidential information it may contain.  Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged.  Please do not read, copy, forward or store this message unless you are an intended recipient of it.  If you have received this message in error, please forward it back.  Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

**Exhibit B**

Email exchange between, among others, Richard Pachulski and
David Barton of PSZJ, Philippa Bond and Chad Husnick of Kirkland,
and Brian Lennon of Willkie dated August 11, 2020 through August 18, 2020

**From:** Richard Pachulski
**Sent:** Tuesday, August 18, 2020 2:20 PM
**To:** Husnick, Chad J.; *BLennon@willkie.com
**Cc:** Alan Kornfeld; Michael Warner; Jeff Pomerantz; Dunne, Dennis F.; David Barton; Bond, Pippa; Joshua A. Feltman; Emil Kleinhaus, Esq.; Moses, Adam; 'Wang, Alex'; NMGWillkie@willkie.com; 'Justin.Bryant@bakermckenzie.com'; 'jzeiger@kirkland.com'; 'michael.woronoff@kirkland.com'; 'mwarner@coleschotz.com'; 'MPrice@milbank.com'; 'mlitvak@pszjlaw.com'; 'jpomerantz@pszjlaw.com'; 'eweisgerber@debevoise.com'; 'jball@debevoise.com'; John S. Kiernan (jskiernan@debevoise.com); 'svora@milbank.com'; Badawi, Sam; Fagen, Matthew C.; Moses, Adam; 'Bryan.Koorstad@bakermckenzie.com'; 'Leif.King@bakermckenzie.com'; 'David Huntington'; Alice Eaton (aeaton@paulweiss.com); 'arosenberg@paulweiss.com'; 'anum.chaudhry@kirkland.com'; 'onnolee.keland@kirkland.com'; Liskanich, Peter; Sathy, Anup; 'gavin.campbell@kirkland.com'; 'aleblanc@milbank.com'; Benloulou, Jonathan; Alan Kornfeld; TKreller@milbank.com; 'mlitvak@pszjlaw.com'; 'Derek.Liu@bakermckenzie.com'
**Subject:** RE: Neiman Marcus/Series B Documents

We will then arrange a status conference. I would appreciate Mr. Lennon and Mr. Vogel speaking for themselves. Frankly not sure why the Series B is the Debtors' issue, but so be it.


Regards,

Richard


**Richard Pachulski**
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
rpachulski@pszjlaw.com
vCard | Bio | LinkedIn

1



Los Angeles | San Francisco | Wilmington, DE | New York | Costa Mesa

---

**From:** Husnick, Chad J. [mailto:chusnick@kirkland.com]
**Sent:** Tuesday, August 18, 2020 2:13 PM
**To:** Richard Pachulski <rpachulski@pszjlaw.com>; *BLennon@willkie.com <BLennon@willkie.com>
**Cc:** Alan Kornfeld <akornfeld@pszjlaw.com>; Michael Warner <mwarner@coleschotz.com>; Jeff Pomerantz <jpomerantz@pszjlaw.com>; Dunne, Dennis F. <ddunne@milbank.com>; David Barton <dbarton@pszjlaw.com>; Bond, Pippa <pippa.bond@kirkland.com>; Joshua A. Feltman <JAFeltman@wlrk.com>; Emil Kleinhaus, Esq. <EAKleinhaus@wlrk.com>; Moses, Adam <AMoses@milbank.com>; 'Wang, Alex' <AWang1@milbank.com>; NMGWillkie@willkie.com; 'Justin.Bryant@bakermckenzie.com' <IMCEAINVALID-Justin+2EBryant+40bakermckenzie+2Ecom@Willkie.com>; 'jzeiger@kirkland.com' <IMCEAINVALID-jzeiger+40kirkland+2Ecom@Willkie.com>; 'michael.woronoff@kirkland.com' <IMCEAINVALID-michael+2Eworonoff+40kirkland+2Ecom@Willkie.com>; 'mwarner@coleschotz.com' <IMCEAINVALID-mwarner+40coleschotz+2Ecom@Willkie.com>; 'MPrice@milbank.com' <IMCEAINVALID-MPrice+40milbank+2Ecom@Willkie.com>; 'mlitvak@pszjlaw.com' <IMCEAINVALID-mlitvak+40pszjlaw+2Ecom@Willkie.com>; 'jpomerantz@pszjlaw.com' <IMCEAINVALID-jpomerantz+40pszjlaw+2Ecom@Willkie.com>; 'eweisgerber@debevoise.com' <IMCEAINVALID-eweisgerber+40debevoise+2Ecom@Willkie.com>; 'jball@debevoise.com' <IMCEAINVALID-jball+40debevoise+2Ecom@Willkie.com>; John S. Kiernan (jskiernan@debevoise.com) <jskiernan@debevoise.com>; 'svora@milbank.com' <IMCEAINVALID-svora+40milbank+2Ecom@Willkie.com>; Badawi, Sam <SBadawi@milbank.com>; Fagen, Matthew C. <matthew.fagen@kirkland.com>; Moses, Adam <AMoses@milbank.com>; 'Bryan.Koorstad@bakermckenzie.com' <IMCEAINVALID-Bryan+2EKoorstad+40bakermckenzie+2Ecom@Willkie.com>; 'Leif.King@bakermckenzie.com' <IMCEAINVALID-Leif+2EKing+40bakermckenzie+2Ecom@Willkie.com>; 'David Huntington' <dhuntington@paulweiss.com>; Alice Eaton (aeaton@paulweiss.com) <aeaton@paulweiss.com>; 'arosenberg@paulweiss.com' <IMCEAINVALID-arosenberg+40paulweiss+2Ecom@Willkie.com>; 'anum.chaudhry@kirkland.com' <IMCEAINVALID-anum+2Echaudhry+40kirkland+2Ecom@Willkie.com>; 'onnolee.keland@kirkland.com' <IMCEAINVALID-onnolee+2Ekeland+40kirkland+2Ecom@Willkie.com>; Liskanich, Peter <peter.liskanich@kirkland.com>; Sathy, Anup <asathy@kirkland.com>; 'gavin.campbell@kirkland.com' <IMCEAINVALID-gavin+2Ecampbell+40kirkland+2Ecom@Willkie.com>; 'aleblanc@milbank.com' <IMCEAINVALID-aleblanc+40milbank+2Ecom@Willkie.com>; Benloulou, Jonathan <jonathan.benloulou@kirkland.com>; Alan Kornfeld <akornfeld@pszjlaw.com>; TKreller@milbank.com; 'mlitvak@pszjlaw.com' <IMCEAINVALID-mlitvak+40pszjlaw+2Ecom@Willkie.com>; 'Derek.Liu@bakermckenzie.com' <IMCEAINVALID-Derek+2ELiu+40bakermckenzie+2Ecom@Willkie.com>
**Subject:** RE: Neiman Marcus/Series B Documents


Richard--

1) Defer to Brian Lennon, but our understanding is Mr. Vogel is not available on 8/24.
2) No, the Debtors will not agree to mediation.  We will explain to the court why the committee's additional changes are not reasonable.

Thanks,

Chad J. Husnick, P.C.

**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 2009 **M** +1 630 291 1947

chad.husnick@kirkland.com

**From:** Richard Pachulski <rpachulski@pszjlaw.com>
**Sent:** Tuesday, August 18, 2020 4:05 PM
**To:** *BLennon@willkie.com <BLennon@willkie.com>
**Cc:** Alan Kornfeld <akornfeld@pszjlaw.com>; Michael Warner <mwarner@coleschotz.com>; Jeff Pomerantz <jpomerantz@pszjlaw.com>; Dunne, Dennis F. <ddunne@milbank.com>; David Barton <dbarton@pszjlaw.com>; Bond, Pippa <pippa.bond@kirkland.com>; Joshua A. Feltman <JAFeltman@wlrk.com>; Emil Kleinhaus, Esq. <EAKleinhaus@wlrk.com>; Moses, Adam <AMoses@milbank.com>; 'Wang, Alex' <AWang1@milbank.com>; NMGWillkie@willkie.com; 'Justin.Bryant@bakermckenzie.com' <IMCEAINVALID-Justin+2EBryant+40bakermckenzie+2Ecom@Willkie.com>; 'jzeiger@kirkland.com' <IMCEAINVALID-jzeiger+40kirkland+2Ecom@Willkie.com>; 'michael.woronoff@kirkland.com' <IMCEAINVALID-michael+2Eworonoff+40kirkland+2Ecom@Willkie.com>; 'mwarner@coleschotz.com' <IMCEAINVALID-mwarner+40coleschotz+2Ecom@Willkie.com>; 'MPrice@milbank.com <IMCEAINVALID-MPrice+40milbank+2Ecom@Willkie.com>; 'mlitvak@pszjlaw.com' <IMCEAINVALID-mlitvak+40pszjlaw+2Ecom@Willkie.com>; 'jpomerantz@pszjlaw.com' <IMCEAINVALID-jpomerantz+40pszjlaw+2Ecom@Willkie.com>; 'eweisgerber@debevoise.com' <IMCEAINVALID-eweisgerber+40debevoise+2Ecom@Willkie.com>; 'jball@debevoise.com' <IMCEAINVALID-jball+40debevoise+2Ecom@Willkie.com>; John S. Kiernan (jskiernan@debevoise.com) <jskiernan@debevoise.com>; 'svora@milbank.com' <IMCEAINVALID-svora+40milbank+2Ecom@Willkie.com>; Badawi, Sam <SBadawi@milbank.com>; Fagen, Matthew C. <matthew.fagen@kirkland.com>; Moses, Adam <AMoses@milbank.com>; 'Bryan.Koorstad@bakermckenzie.com' <IMCEAINVALID-Bryan+2EKoorstad+40bakermckenzie+2Ecom@Willkie.com>; 'Leif.King@bakermckenzie.com' <IMCEAINVALID-Leif+2EKing+40bakermckenzie+2Ecom@Willkie.com>; 'David Huntington' <dhuntington@paulweiss.com>; Alice Eaton (aeaton@paulweiss.com) <aeaton@paulweiss.com>; 'arosenberg@paulweiss.com' <IMCEAINVALID-arosenberg+40paulweiss+2Ecom@Willkie.com>; 'anum.chaudhry@kirkland.com' <IMCEAINVALID-anum+2Echaudhry+40kirkland+2Ecom@Willkie.com>; 'onnolee.keland@kirkland.com' <IMCEAINVALID-onnolee+2Ekeland+40kirkland+2Ecom@Willkie.com>; Liskanich, Peter <peter.liskanich@kirkland.com>; Sathy, Anup <asathy@kirkland.com>; Husnick, Chad J. <chusnick@kirkland.com>; 'gavin.campbell@kirkland.com' <IMCEAINVALID-gavin+2Ecampbell+40kirkland+2Ecom@Willkie.com>; 'aleblanc@milbank.com' <IMCEAINVALID-aleblanc+40milbank+2Ecom@Willkie.com>; Benloulou, Jonathan <jonathan.benloulou@kirkland.com>; Alan Kornfeld <akornfeld@pszjlaw.com>; TKreller@milbank.com; 'mlitvak@pszjlaw.com' <IMCEAINVALID-mlitvak+40pszjlaw+2Ecom@Willkie.com>; 'Derek.Liu@bakermckenzie.com' <IMCEAINVALID-Derek+2ELiu+40bakermckenzie+2Ecom@Willkie.com>
**Subject:** RE: Neiman Marcus/Series B Documents

After having had an opportunity to review the Series B documents forwarded to us, we have concluded that the Committee and the Debtors are very far apart on the documents as drafted. While we intend later today or tomorrow morning to get you our comments and concerns, the Committee would request the following:

1.  That the Independent Manager confirm that the documents requested in yesterday's discovery requests will be produced by August 21 and that the Independent Manager will appear at his scheduled deposition on August 24; and

2.  That the appropriate parties will immediately agree to attend a mediation to try to resolve the Committee's Series B issues.

In the event either or both requests described above are not agreed to as requested, the Committee will be scheduling a status conference with Judge Jones to raise both issues. I would hope that the 2 issues provided above could be agreed to as we try to come to a reasonable resolution of the Series B issues as there is a short time before plan objections are due.

Please advise so we can determine if the Committee needs to move forward and schedule a status conference with Judge Jones.

Regards,

Richard

**Richard Pachulski**
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
rpachulski@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York | Costa Mesa

---

**From:** Lennon, Brian [mailto:BLennon@willkie.com]
**Sent:** Monday, August 17, 2020 6:18 AM
**To:** Richard Pachulski <rpachulski@pszjlaw.com>
**Cc:** Alan Kornfeld <akornfeld@pszjlaw.com>; Michael Warner <mwarner@coleschotz.com>; Jeff Pomerantz <jpomerantz@pszjlaw.com>; Dunne, Dennis F. <ddunne@milbank.com>; David Barton <dbarton@pszjlaw.com>; Bond, Pippa <pippa.bond@kirkland.com>; Joshua A. Feltman <JAFeltman@wlrk.com>; Emil Kleinhaus, Esq. <EAKleinhaus@wlrk.com>; Moses, Adam <AMoses@milbank.com>; 'Wang, Alex' <AWang1@milbank.com>; NMGWillkie@willkie.com; 'Justin.Bryant@bakermckenzie.com' <IMCEAINVALID-Justin+2EBryant+40bakermckenzie+2Ecom@Willkie.com>; 'jzeiger@kirkland.com' <IMCEAINVALID-jzeiger+40kirkland+2Ecom@Willkie.com>; 'michael.woronoff@kirkland.com' <IMCEAINVALID-michael+2Eworonoff+40kirkland+2Ecom@Willkie.com>; 'mwarner@coleschotz.com' <IMCEAINVALID-mwarner+40coleschotz+2Ecom@Willkie.com>; 'MPrice@milbank.com' <IMCEAINVALID-MPrice+40milbank+2Ecom@Willkie.com>; 'mlitvak@pszjlaw.com' <IMCEAINVALID-mlitvak+40pszjlaw+2Ecom@Willkie.com>; 'jpomerantz@pszjlaw.com' <IMCEAINVALID-jpomerantz+40pszjlaw+2Ecom@Willkie.com>; 'eweisgerber@debevoise.com' <IMCEAINVALID-eweisgerber+40debevoise+2Ecom@Willkie.com>; 'jball@debevoise.com' <IMCEAINVALID-jball+40debevoise+2Ecom@Willkie.com>; John S. Kiernan (jskiernan@debevoise.com) <jskiernan@debevoise.com>; 'svora@milbank.com' <IMCEAINVALID-svora+40milbank+2Ecom@Willkie.com>; Badawi, Sam <SBadawi@milbank.com>; Matthew Fagen (matthew.fagen@kirkland.com) <matthew.fagen@kirkland.com>; Moses, Adam <AMoses@milbank.com>; 'Bryan.Koorstad@bakermckenzie.com' <IMCEAINVALID-Bryan+2EKoorstad+40bakermckenzie+2Ecom@Willkie.com>; 'Leif.King@bakermckenzie.com' <IMCEAINVALID-Leif+2EKing+40bakermckenzie+2Ecom@Willkie.com>; 'David Huntington' <dhuntington@paulweiss.com>; Alice Eaton (aeaton@paulweiss.com) <aeaton@paulweiss.com>; 'arosenberg@paulweiss.com' <IMCEAINVALID-arosenberg+40paulweiss+2Ecom@Willkie.com>; 'anum.chaudhry@kirkland.com' <IMCEAINVALID-anum+2Echaudhry+40kirkland+2Ecom@Willkie.com>; 'onnolee.keland@kirkland.com' <IMCEAINVALID-onnolee+2Ekeland+40kirkland+2Ecom@Willkie.com>; 'Liskanich, Peter' <peter.liskanich@kirkland.com>; Sathy, Anup (Kirkland & Ellis, LLP) <anup.sathy@kirkland.com>; Chad J. Husnick (chad.husnick@kirkland.com) <chad.husnick@kirkland.com>; 'gavin.campbell@kirkland.com' <IMCEAINVALID-gavin+2Ecampbell+40kirkland+2Ecom@Willkie.com>; 'aleblanc@milbank.com' <IMCEAINVALID-aleblanc+40milbank+2Ecom@Willkie.com>; 'Benloulou, Jonathan' <jonathan.benloulou@kirkland.com>; Alan Kornfeld

<akornfeld@pszjlaw.com>; [TKreller@milbank.com](mailto:TKreller@milbank.com); 'mlitvak@pszjlaw.com' <IMCEAINVALID-mlitvak+40pszjlaw+2Ecom@Willkie.com>; 'Derek.Liu@bakermckenzie.com' <IMCEAINVALID-Derek+2ELiu+40bakermckenzie+2Ecom@Willkie.com>
**Subject:** RE: Neiman Marcus/Series B Documents

Resending with corrected email addresses.  Apologies for the confusion.


**Brian Lennon**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8295 | Fax: +1 212 728 9295
blennon@willkie.com | vCard | www.willkie.com bio

---

**From:** Lennon, Brian
**Sent:** Monday, August 17, 2020 9:05 AM
**To:** 'Richard Pachulski' <rpachulski@pszjlaw.com>
**Cc:** Alan Kornfeld <akornfeld@pszjlaw.com>; Michael Warner <mwarner@coleschotz.com>; Jeff Pomerantz <jpomerantz@pszjlaw.com>; Dunne, Dennis F. <ddunne@milbank.com>; 'dbarton@pszjlaw.com' <dbarton@pszjlaw.com>; 'Justin.Bryant@bakermckenzie.com'; 'Bryan.Koorstad@bakermckenzie.com'; 'Leif.King@bakermckenzie.com'; 'arosenberg@paulweiss.com'; 'dhuntington@paulweiss.com'; 'aeaton@paulweiss.com'; 'zeiger@kirkland.com'; 'gavin.campbell@kirkland.com'; 'anum.chaudhry@kirkland.com'; 'onnolee.keland@kirkland.com'; 'peter.liskanich@kirkland.com'; 'asathy@kirkland.com'; 'chusnick@kirkland.com'; 'jonathan.benloulou@kirkland.com'; 'matthew.fagen@kirkland.com'; 'amoses@milbank.com'; 'ddunne@milbank.com'; 'TKreller@milbank.com'; 'aleblanc@milbank.com'; 'svora@milbank.com'; 'jskiernan@debevoise.com'; 'jball@debevoise.com'; 'eweisgerber@debevoise.com'; 'jpomerantz@pszjlaw.com'; 'mlitvak@pszjlaw.com'; 'Derek.Liu@bakermckenzie.com'; 'SBadawi@milbank.com'; 'MPrice@milbank.com'; 'mwarner@coleschotz.com'; 'michael.woronoff@kirkland.com'; 'jzeiger@kirkland.com'; Bond, Pippa <pippa.bond@kirkland.com>; Joshua A. Feltman <JAFeltman@wlrk.com>; Emil Kleinhaus, Esq. <EAKleinhaus@wlrk.com>; Moses, Adam <AMoses@milbank.com>; 'David Huntington' <dhuntington@paulweiss.com>; 'Benloulou, Jonathan' <jonathan.benloulou@kirkland.com>; 'Liskanich, Peter' <peter.liskanich@kirkland.com>; David Barton <dbarton@pszjlaw.com>; Badawi, Sam <SBadawi@milbank.com>; Anderson, Jason <Jtanderson@milbank.com>; Chitayat, Natalie <NChitayat@milbank.com>; 'Wang, Alex' <AWang1@milbank.com>; NMGWillkie@willkie.com
**Subject:** RE: Neiman Marcus/Series B Documents


Richard,

Threatening Scott with depositions and 2004 discovery is not going to help you resolve the Series B issues and is simply a waste of time and estate resources, absolutely contrary to the spirit of the settlement.    Last night you received the revised draft of the Series B certificate, which should resolve your concerns and, in my opinion, goes beyond anything contemplated in our settlement discussions.  You are well aware that the terms of the Series B certificate was never raised as an issue during negotiations and only became an issue after the UCC voted to support the settlement (a move that you have made abundantly clear that you disagree with).    If the UCC continues to have issues with the revised certificate, you can and should raise them directly with MyT's counsel and the Sponsors by picking up the phone and calling them.  If you continue to insist on harassing Scott with deposition threats, you can rest assured that, as of this morning, he is generally available on August 28, September 1, and September 3.


Brian


**Brian Lennon**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8295 | Fax: +1 212 728 9295
blennon@willkie.com | vCard | www.willkie.com bio

-----Original Message-----
From: Richard Pachulski [mailto:rpachulski@pszjlaw.com]
Sent: Saturday, August 15, 2020 8:38 PM
To: Lennon, Brian <BLennon@willkie.com>
Cc: Alan Kornfeld <akornfeld@pszjlaw.com>; Michael Warner <mwarner@coleschotz.com>; Jeff Pomerantz
<jpomerantz@pszjlaw.com>
Subject: Fw: Neiman Marcus/Series B Documents

*** EXTERNAL EMAIL ***

Brian, as you can see below I am not optimistic that the unsecured creditors will be getting an appropriately amended
Series B Certificate and, as reflected below by Pippa Bond, nothing that looks like the Series A Certificate, which is a
condition of the Committee approving the MyTheresa Settlement

I have now sent you e-mails since Wednesday just requesting some dates and times that will accommodate Scott Vogel
in the event the Series B, as amended, does not address the Committee's issues and concerns. While we are hopeful that
Pippa's characterization of the amended Series B is inaccurate, for which the unsecureds have a majority as provided in
the Independent Manager's settlement proposal in the Plan, but have not been given one second to discuss with the
appropriate parties, the Committee must prepare in case our interpretation of the below is correct.

Accordingly, I ask you again for convenient times and dates for Scott Vogel's examination, that we intend to file and serve
notice of on Monday, so we can include a date and time instead of advising the Court that you have been non-responsive,
and left us after numerous inquiries to pick our own convenient date and time.

Of course we hope the Series B Certificate is appropriately modified so Mr. Vogel's examination need not go forward, and
we will review immediately upon receipt but, for now, the Committee is looking to be diligent in the event it believes the
Series B is not adequate, as amended.

Please advise whether you will provide the date and time as requested, or that we should just put in a date and time we
deem appropriate.

Regards,

Richard

Sent from my BlackBerry - the most secure mobile device
From: rpachulski@pszjlaw.com
Sent: August 14, 2020 7:56 PM
To: pippa.bond@kirkland.com
Cc: dbarton@pszjlaw.com; Justin.Bryant@bakermckenzie.com; Bryan.Koorstad@bakermckenzie.com;
Leif.King@bakermckenzie.com; arosenberg@paulweiss.com; dhuntington@paulweiss.com; aeaton@paulweiss.com;
zeiger@kirkland.com; gavin.campbell@kirkland.com; anum.chaudhry@kirkland.com; onnolee.keland@kirkland.com;
peter.liskanich@kirkland.com; asathy@kirkland.com; chusnick@kirkland.com; jonathan.benloulou@kirkland.com;
matthew.fagen@kirkland.com; amoses@milbank.com; ddunne@milbank.com; TKreller@milbank.com;
aleblanc@milbank.com; svora@milbank.com; jskiernan@debevoise.com; jball@debevoise.com;
eweisgerber@debevoise.com; jpomerantz@pszjlaw.com; mlitvak@pszjlaw.com; Derek.Liu@bakermckenzie.com;
SBadawi@milbank.com; MPrice@milbank.com; mwarner@coleschotz.com; akornfeld@pszjlaw.com;
michael.woronoff@kirkland.com; jzeiger@kirkland.com
Subject: Re: Neiman Marcus/Series B Documents


Pippa, I do not understand the point of your e-mail and I reaffirm my comments in my e-mail of August 12, 2020 at 6:15
am. Please advise if your e-mail is a formal rejection of the Committee's request for mediation since your e-mail just sent
is nothing more than a reaffirmation of your August 12, 2020 e-mail, which is clear that the vast majority of the
Committee's comments to the Series B Certificate will be rejected.

Also, please advise if MYT, the 2Ls and the Sponsors have completed their deal.

Regards,

Richard

Sent from my BlackBerry - the most secure mobile device
From: pippa.bond@kirkland.com
Sent: August 14, 2020 7:46 PM
To: rpachulski@pszjlaw.com
Cc: dbarton@pszjlaw.com; Justin.Bryant@bakermckenzie.com; Bryan.Koorstad@bakermckenzie.com;
Leif.King@bakermckenzie.com; arosenberg@paulweiss.com; dhuntington@paulweiss.com; aeaton@paulweiss.com;
zeiger@kirkland.com; gavin.campbell@kirkland.com; anum.chaudhry@kirkland.com; onnolee.keland@kirkland.com;
peter.liskanich@kirkland.com; asathy@kirkland.com; chusnick@kirkland.com; jonathan.benloulou@kirkland.com;
matthew.fagen@kirkland.com; amoses@milbank.com; ddunne@milbank.com; TKreller@milbank.com;
aleblanc@milbank.com; svora@milbank.com; jskiernan@debevoise.com; jball@debevoise.com;
eweisgerber@debevoise.com; jpomerantz@pszjlaw.com; mlitvak@pszjlaw.com; Derek.Liu@bakermckenzie.com;
SBadawi@milbank.com; MPrice@milbank.com; mwarner@coleschotz.com; akornfeld@pszjlaw.com;
michael.woronoff@kirkland.com; Derek.Liu@bakermckenzie.com; SBadawi@milbank.com; jzeiger@kirkland.com;
gavin.campbell@kirkland.com
Subject: Re: Neiman Marcus/Series B Documents


Richard, as you know, counsel to the bondholders, sponsors, MYT and debtors have been working on terms for the 2L
and 3L distributions.  Because all of the MYT documents must work together, the preferred documentation is part of that
process.   We understand that a draft of the Series B documentation will be provided to you over the weekend.   As we
indicated previously, it will contain principally technical and enabling changes that preserve (not extend) the economics of
the Series B and will not include restrictive covenants or incorporate terms of the Series A.  Best, pippa

Philippa Bond, P.C.

--------------------------------------------------------
KIRKLAND & ELLIS LLP
2049 Century Park East, 37th Floor, Los Angeles, CA 90067 T +1 310 552 4222<tel:+1%20310%20552%204222>  M +1
323 244 0654<tel:+1%20323%20244%200654> F +1 310 552 5900<tel:+1%20310%20552%205900>
--------------------------------------------------------
pippa.bond@kirkland.com<mailto:pippa.bond@kirkland.com>

On Aug 12, 2020, at 6:15 AM, Richard Pachulski <rpachulski@pszjlaw.com> wrote:

 Pippa, I find it odd that we are not involved in the amendment process, but rather you will just give us a document and
say take-it-or-leave-it. We have been very clear since the DS hearing that the Committee expects the Series B to look like
the Series A, except there would be no change to the Waterfall or the priorities. This is the first we are hearing, even
though we have sent comments before, that there is an unwillingness to provide protections in the Series B, similar to the
Series A.

The Committee would recommend that you provide us the revised Series B ASAP and, if the Committee has a problem
with the document, that we go into mediation ASAP to see if we can resolve the issues relating to Series B.

Could you also please advise who is leading the decisionmaking and documentation of the MyTheresa documents.

Please advise so the Committee can determine next steps.

Regards,

Richard

Sent from my BlackBerry - the most secure mobile device
From: pippa.bond@kirkland.com
Sent: August 12, 2020 12:22 AM
To: dbarton@pszjlaw.com
Cc: Justin.Bryant@bakermckenzie.com; Bryan.Koorstad@bakermckenzie.com; Leif.King@bakermckenzie.com;
arosenberg@paulweiss.com; dhuntington@paulweiss.com; aeaton@paulweiss.com; zeiger@kirkland.com;
gavin.campbell@kirkland.com; anum.chaudhry@kirkland.com; onnolee.keland@kirkland.com;
peter.liskanich@kirkland.com; asathy@kirkland.com; chusnick@kirkland.com; jonathan.benloulou@kirkland.com;
matthew.fagen@kirkland.com; amoses@milbank.com; ddunne@milbank.com; TKreller@milbank.com;
aleblanc@milbank.com; svora@milbank.com; jskiernan@debevoise.com; jball@debevoise.com;

eweisgerber@debevoise.com; rpachulski@pszjlaw.com; jpomerantz@pszjlaw.com; mlitvak@pszjlaw.com; Derek.Liu@bakermckenzie.com; SBadawi@milbank.com; MPrice@milbank.com
Subject: Re: Neiman Marcus/Series B Documents


David, thanks for your note. In connection with the amendment of existing MYT documents to reflect the 2L and 3L distribution terms, amendments to the Series A and Series B documentation are already in process. Drafts of those will be provided when they are available. As we have said previously, to the extent your proposed revisions are narrowly technical or enabling to preserve or give effect to the waterfall and preserve the existing economic position of the Series B as set forth in the waterfall, we expect that there will be stakeholder support to accommodate them. We expect that a number of your requested modifications will be acceptable on that basis and would be considered for inclusion in the applicable documents. Any other changes will be not be acceptable. These include any changes that would affect the economics (including mandatory redemption/term and incremental distributions), add covenants to the Series B or incorporate terms of Series A. Thanks

Philippa Bond, P.C.
---------------------------------------------------------
KIRKLAND & ELLIS LLP
2049 Century Park East, 37th Floor, Los Angeles, CA 90067 T +1 310 552 4222<tel:+1%20310%20552%204222> M +1 323 244 0654<tel:+1%20323%20244%200654> F +1 310 552 5900<tel:+1%20310%20552%205900>
---------------------------------------------------------
pippa.bond@kirkland.com<mailto:pippa.bond@kirkland.com>

On Aug 11, 2020, at 9:15 AM, David Barton <dbarton@pszjlaw.com> wrote:


Attached for your review are the following documents relating to the Cumulative Series B Preferred Stock of MYT Holding Co.:


1. Clean and comparison copies of a proposed Second Amended and Restated Certificate of Incorporation of MYT Holding Co. The comparison copy is marked to show differences with the current certificate of incorporation of MYT Holding Co.


2. Clean and comparison copies of a proposed letter agreement amending and restating the letter agreement dated June 7, 2019 between MYT Parent Co. and MYT Holding Co. The comparison copy is marked to show differences with the original June 7, 2019 letter agreement.


3. Clean and comparison copies of a proposed Amended and Restated Certificate of Designation of Cumulative Series B Preferred Stock of MYT Holding Co. The comparison copy is marked to show differences with the existing Series A Certificate of Designation, a comparison which we considered possibly more useful than a comparison with the existing Series B COD.

Please include anyone on your teams who should be looped in on these documents, which continue to be under review and comment by the Committee.

Thanks in advance for your prompt attention to these documents. We look forward to your response.
David Barton
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
dbarton@pszjlaw.com<mailto:dbarton@pszjlaw.com>
vCard<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.pszjlaw.com_vcard-2D5.vcf&d=DwMF-g&c=d4QUMdAn6M0Mbv3jzCCgJ4TWUi-bKfYzDU5LNH0X26s&r=8IHS6cTlwZwyXLt0maKaCEV17xzstsPFBlhawz07eLA&m=VT0weH59hFJbXtBNZ4E22dPCtUueEiMFrZMGkpPaqSo&s=CtRGxadA04MTIuXPeSRRZCni_UkUipcC9-4o8rebBGY&e=<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.pszjlaw.com_vcard-2D5.vcf&d=DwMF-g&c=d4QUMdAn6M0Mbv3jzCCgJ4TWUi-

bKfYzDU5LNH0X26s&r=8lHS6cTIwZwyXLt0maKaCEV17xzstsPFBlhawz07eLA&m=VT0weH59hFJbXtBNZ4E22dPCtUueEiMFrZMGkpPaqSo&s=CtRGxadA04MTIuXPeSRRZCni_UkUipcC9-4o8rebBGY&e=>> |
Bio<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.pszjlaw.com_attorneys-2Ddavid-2Dj-2Dbarton.html&d=DwMF-g&c=d4QUMdAn6M0Mbv3jzCCgJ4TWUi-bKfYzDU5LNH0X26s&r=8lHS6cTIwZwyXLt0maKaCEV17xzstsPFBlhawz07eLA&m=VT0weH59hFJbXtBNZ4E22dPCtUueEiMFrZMGkpPaqSo&s=VvwSnsgRRO0AA5i44t3nMWjwO4Up2Co_MT45F_iapnw&e=<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.pszjlaw.com_attorneys-2Ddavid-2Dj-2Dbarton.html&d=DwMF-g&c=d4QUMdAn6M0Mbv3jzCCgJ4TWUi-bKfYzDU5LNH0X26s&r=8lHS6cTIwZwyXLt0maKaCEV17xzstsPFBlhawz07eLA&m=VT0weH59hFJbXtBNZ4E22dPCtUueEiMFrZMGkpPaqSo&s=VvwSnsgRRO0AA5i44t3nMWjwO4Up2Co_MT45F_iapnw&e=>> |
LinkedIn<https://urldefense.proofpoint.com/v2/url?u=https-3A__www.linkedin.com_pub_david-2Dbarton_25_707_b70&d=DwMF-g&c=d4QUMdAn6M0Mbv3jzCCgJ4TWUi-bKfYzDU5LNH0X26s&r=8lHS6cTIwZwyXLt0maKaCEV17xzstsPFBlhawz07eLA&m=VT0weH59hFJbXtBNZ4E22dPCtUueEiMFrZMGkpPaqSo&s=lCflvZKR8bsWNtgUKQIB-1ezhkcSDIEcVxNHik6w9_8&e=<https://urldefense.proofpoint.com/v2/url?u=https-3A__www.linkedin.com_pub_david-2Dbarton_25_707_b70&d=DwMF-g&c=d4QUMdAn6M0Mbv3jzCCgJ4TWUi-bKfYzDU5LNH0X26s&r=8lHS6cTIwZwyXLt0maKaCEV17xzstsPFBlhawz07eLA&m=VT0weH59hFJbXtBNZ4E22dPCtUueEiMFrZMGkpPaqSo&s=lCflvZKR8bsWNtgUKQIB-1ezhkcSDIEcVxNHik6w9_8&e=>>


<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.pszjlaw.com_&d=DwMF-g&c=d4QUMdAn6M0Mbv3jzCCgJ4TWUi-bKfYzDU5LNH0X26s&r=8lHS6cTIwZwyXLt0maKaCEV17xzstsPFBlhawz07eLA&m=VT0weH59hFJbXtBNZ4E22dPCtUueEiMFrZMGkpPaqSo&s=J8trOdmq1KtgSFdoFmZB6dMsg6P-WCR05B_zNiUDmKU&e=<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.pszjlaw.com_&d=DwMF-g&c=d4QUMdAn6M0Mbv3jzCCgJ4TWUi-bKfYzDU5LNH0X26s&r=8lHS6cTIwZwyXLt0maKaCEV17xzstsPFBlhawz07eLA&m=VT0weH59hFJbXtBNZ4E22dPCtUueEiMFrZMGkpPaqSo&s=J8trOdmq1KtgSFdoFmZB6dMsg6P-WCR05B_zNiUDmKU&e=>>
<image001.jpg>
Los Angeles | San Francisco | Wilmington, DE | New York | Costa Mesa

_____

CONFIDENTIALITY
This e-mail message and any attachments thereto is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail message, you are hereby notified that any dissemination, distribution or copying of this e-mail message, and any attachments thereto is strictly prohibited. If you have received this e-mail message in error, please immediately notify me by telephone and permanently delete the original and any copies of this email and any prints thereof.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance and effect, absent an express statement to the contrary hereinabove, this e-mail message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Pachulski Stang Ziehl & Jones LLP, any of its clients, or any other person or entity.
<DOCS_LA-#331237-v7-A&R_Certificate_of_Designation_of_Series_B_Preferred_....docx>
<DOCS_LA-#331237-vpdf-A&R_Certificate_of_Designation_of_Series_B_Preferre....pdf>
<DOCS_LA-#331222-v3-A&R_Certificate_of_Incorporation--MYT_Holdco.docx>
<DOCS_LA-#331222-vpdf-A&R_Certificate_of_Incorporation--MYT_Holdco.pdf>
<DOCS_LA-#331225-v4-MYT_Parent-Holdco_Letter_Agreement.docx>
<DOCS_LA-#331225-vpdf-MYT_Parent-Holdco_Letter_Agreement.pdf>


The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com<mailto:postmaster@kirkland.com>, and destroy this communication and all copies thereof, including all attachments.

_____

CONFIDENTIALITY
This e-mail message and any attachments thereto is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail message, you are hereby notified that any dissemination, distribution or copying of this e-mail message, and any attachments thereto is strictly prohibited. If you have received this e-mail message in error, please immediately notify me by telephone and permanently delete the original and any copies of this email and any prints thereof.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance and effect, absent an express statement to the contrary hereinabove, this e-mail message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Pachulski Stang Ziehl & Jones LLP, any of its clients, or any other person or entity.


The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com<mailto:postmaster@kirkland.com>, and destroy this communication and all copies thereof, including all attachments.


_____

CONFIDENTIALITY
This e-mail message and any attachments thereto is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail message, you are hereby notified that any dissemination, distribution or copying of this e-mail message, and any attachments thereto is strictly prohibited. If you have received this e-mail message in error, please immediately notify me by telephone and permanently delete the original and any copies of this email and any prints thereof.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance and effect, absent an express statement to the contrary hereinabove, this e-mail message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Pachulski Stang Ziehl & Jones LLP, any of its clients, or any other person or entity.


**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.


CONFIDENTIALITY
This e-mail message and any attachments thereto is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail message, you are hereby notified that any dissemination, distribution or copying of this e-mail message, and any attachments thereto is strictly prohibited. If you have received this e-mail message in error, please immediately notify me by telephone and permanently delete the original and any copies of this email and any prints thereof.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING
Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance and effect, absent an express statement to the contrary hereinabove, this e-mail message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Pachulski Stang Ziehl & Jones LLP, any of its clients, or any other person or entity.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

**Exhibit C**

Email exchange between, among others, Richard Pachulski of PSZJ and
Brian Lennon of Willkie dated August 12, 2020 through August 14, 2020

**From:** Lennon, Brian [mailto:BLennon@willkie.com]
**Sent:** Friday, August 14, 2020 7:52 AM
**To:** Richard Pachulski <rpachulski@pszjlaw.com>
**Cc:** Alan Kornfeld <akornfeld@pszjlaw.com>; Maxim Litvak <mlitvak@pszjlaw.com>; Jeff Pomerantz <jpomerantz@pszjlaw.com>; Michael Warner <mwarner@coleschotz.com>; Baio, Joseph <jbaio@willkie.com>; Cosenza, Todd <TCosenza@willkie.com>; NMGWillkie@willkie.com>
**Subject:** RE: Neiman Marcus/Series B Documents

Richard,

I understand you will be receiving a revised draft of the certificate.  Let's coordinate, to the extent necessary, after you have a chance to review it.

Brian


**Brian Lennon**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8295 | Fax: +1 212 728 9295
blennon@willkie.com | vCard | www.willkie.com bio

-----Original Message-----
From: Richard Pachulski [mailto:rpachulski@pszjlaw.com]
Sent: Thursday, August 13, 2020 10:10 AM
To: Lennon, Brian <BLennon@willkie.com>
Cc: Alan Kornfeld <akornfeld@pszjlaw.com>; Maxim Litvak <mlitvak@pszjlaw.com>; Jeff Pomerantz <jpomerantz@pszjlaw.com>; Michael Warner <mwarner@coleschotz.com>
Subject: Re: Neiman Marcus/Series B Documents

*** EXTERNAL EMAIL ***

Brian, could you advise some times when Scott will make himself available for a deposition, or if we need to bring the issue to Judge Jones.

Regards,

Richard

Sent from my BlackBerry - the most secure mobile device
From: rpachulski@pszjlaw.com
Sent: August 12, 2020 11:11 AM
To: blennon@willkie.com
Cc: akornfeld@pszjlaw.com; mlitvak@pszjlaw.com; jpomerantz@pszjlaw.com; mwarner@coleschotz.com
Subject: Fw: Neiman Marcus/Series B Documents


Brian, as you can see below we have serious concerns that the Committee will be able to make a deal relating to the Series B Shares. Accordingly we need to prepare for an objection to the Plan because of, among other things, the reasonableness of the MyTheresa settlement proposed in the Plan. Please advise when next week Scott Vogel will be available for the taking of his deposition. We would probably recommend right after the Plan Supplement is filed, but we would request that we schedule a date now so we can accommodate schedules. Please advise so we can make the necessary arrangements, and we reserve the right, among other things, to obtain certain documents. We are presently evaluating what, if anything, we need in that regard.

Regards,

Richard

Sent from my BlackBerry - the most secure mobile device
From: rpachulski@pszjlaw.com
Sent: August 12, 2020 5:13 AM
To: pippa.bond@kirkland.com; dbarton@pszjlaw.com;

Cc: [Justin.Bryant@bakermckenzie.com](mailto:Justin.Bryant@bakermckenzie.com); [Bryan.Koorstad@bakermckenzie.com](mailto:Bryan.Koorstad@bakermckenzie.com); [Leif.King@bakermckenzie.com](mailto:Leif.King@bakermckenzie.com); [arosenberg@paulweiss.com](mailto:arosenberg@paulweiss.com); [dhuntington@paulweiss.com](mailto:dhuntington@paulweiss.com); [aeaton@paulweiss.com](mailto:aeaton@paulweiss.com); [zeiger@kirkland.com](mailto:zeiger@kirkland.com); [gavin.campbell@kirkland.com](mailto:gavin.campbell@kirkland.com); [anum.chaudhry@kirkland.com](mailto:anum.chaudhry@kirkland.com); [onnolee.keland@kirkland.com](mailto:onnolee.keland@kirkland.com); [peter.liskanich@kirkland.com](mailto:peter.liskanich@kirkland.com); [asathy@kirkland.com](mailto:asathy@kirkland.com); [chusnick@kirkland.com](mailto:chusnick@kirkland.com); [jonathan.benloulou@kirkland.com](mailto:jonathan.benloulou@kirkland.com); [matthew.fagen@kirkland.com](mailto:matthew.fagen@kirkland.com); [amoses@milbank.com](mailto:amoses@milbank.com); [ddunne@milbank.com](mailto:ddunne@milbank.com); [TKreller@milbank.com](mailto:TKreller@milbank.com); [aleblanc@milbank.com](mailto:aleblanc@milbank.com); [svora@milbank.com](mailto:svora@milbank.com); [jskiernan@debevoise.com](mailto:jskiernan@debevoise.com); [jball@debevoise.com](mailto:jball@debevoise.com); [eweisgerber@debevoise.com](mailto:eweisgerber@debevoise.com); [jpomerantz@pszjlaw.com](mailto:jpomerantz@pszjlaw.com); [mlitvak@pszjlaw.com](mailto:mlitvak@pszjlaw.com); [Derek.Liu@bakermckenzie.com](mailto:Derek.Liu@bakermckenzie.com); [SBadawi@milbank.com](mailto:SBadawi@milbank.com); [MPrice@milbank.com](mailto:MPrice@milbank.com); [mwarner@coleschotz.com](mailto:mwarner@coleschotz.com); [akornfeld@pszjlaw.com](mailto:akornfeld@pszjlaw.com)
Subject: Re: Neiman Marcus/Series B Documents

Pippa, I find it odd that we are not involved in the amendment process, but rather you will just give us a document and say take-it-or-leave-it. We have been very clear since the DS hearing that the Committee expects the Series B to look like the Series A, except there would be no change to the Waterfall or the priorities. This is the first we are hearing, even though we have sent comments before, that there is an unwillingness to provide protections in the Series B, similar to the Series A.

The Committee would recommend that you provide us the revised Series B ASAP and, if the Committee has a problem with the document, that we go into mediation ASAP to see if we can resolve the issues relating to Series B.

Could you also please advise who is leading the decisionmaking and documentation of the MyTheresa documents.

Please advise so the Committee can determine next steps.

Regards,

Richard

Sent from my BlackBerry - the most secure mobile device
From: [pippa.bond@kirkland.com](mailto:pippa.bond@kirkland.com)
Sent: August 12, 2020 12:22 AM
To: [dbarton@pszjlaw.com](mailto:dbarton@pszjlaw.com)
Cc: [Justin.Bryant@bakermckenzie.com](mailto:Justin.Bryant@bakermckenzie.com); [Bryan.Koorstad@bakermckenzie.com](mailto:Bryan.Koorstad@bakermckenzie.com); [Leif.King@bakermckenzie.com](mailto:Leif.King@bakermckenzie.com); [arosenberg@paulweiss.com](mailto:arosenberg@paulweiss.com); [dhuntington@paulweiss.com](mailto:dhuntington@paulweiss.com); [aeaton@paulweiss.com](mailto:aeaton@paulweiss.com); [zeiger@kirkland.com](mailto:zeiger@kirkland.com); [gavin.campbell@kirkland.com](mailto:gavin.campbell@kirkland.com); [anum.chaudhry@kirkland.com](mailto:anum.chaudhry@kirkland.com); [onnolee.keland@kirkland.com](mailto:onnolee.keland@kirkland.com); [peter.liskanich@kirkland.com](mailto:peter.liskanich@kirkland.com); [asathy@kirkland.com](mailto:asathy@kirkland.com); [chusnick@kirkland.com](mailto:chusnick@kirkland.com); [jonathan.benloulou@kirkland.com](mailto:jonathan.benloulou@kirkland.com); [matthew.fagen@kirkland.com](mailto:matthew.fagen@kirkland.com); [amoses@milbank.com](mailto:amoses@milbank.com); [ddunne@milbank.com](mailto:ddunne@milbank.com); [TKreller@milbank.com](mailto:TKreller@milbank.com); [aleblanc@milbank.com](mailto:aleblanc@milbank.com); [svora@milbank.com](mailto:svora@milbank.com); [jskiernan@debevoise.com](mailto:jskiernan@debevoise.com); [jball@debevoise.com](mailto:jball@debevoise.com); [eweisgerber@debevoise.com](mailto:eweisgerber@debevoise.com); [rpachulski@pszjlaw.com](mailto:rpachulski@pszjlaw.com); [jpomerantz@pszjlaw.com](mailto:jpomerantz@pszjlaw.com); [mlitvak@pszjlaw.com](mailto:mlitvak@pszjlaw.com); [Derek.Liu@bakermckenzie.com](mailto:Derek.Liu@bakermckenzie.com); [SBadawi@milbank.com](mailto:SBadawi@milbank.com); [MPrice@milbank.com](mailto:MPrice@milbank.com)
Subject: Re: Neiman Marcus/Series B Documents

David, thanks for your note. In connection with the amendment of existing MYT documents to reflect the 2L and 3L distribution terms, amendments to the Series A and Series B documentation are already in process. Drafts of those will be provided when they are available. As we have said previously, to the extent your proposed revisions are narrowly technical or enabling to preserve or give effect to the waterfall and preserve the existing economic position of the Series B as set forth in the waterfall, we expect that there will be stakeholder support to accommodate them. We expect that a number of your requested modifications will be acceptable on that basis and would be considered for inclusion in the applicable documents. Any other changes will be not be acceptable. These include any changes that would affect the economics (including mandatory redemption/term and incremental distributions), add covenants to the Series B or incorporate terms of Series A. Thanks

Philippa Bond, P.C.
-----------------------------------------------------------
KIRKLAND & ELLIS LLP
2049 Century Park East, 37th Floor, Los Angeles, CA 90067 T +1 310 552 4222<[tel:+1%20310%20552%204222](tel:+1%20310%20552%204222)> M +1 323 244 0654<[tel:+1%20323%20244%200654](tel:+1%20323%20244%200654)> F +1 310 552 5900<[tel:+1%20310%20552%205900](tel:+1%20310%20552%205900)>
-----------------------------------------------------------
[pippa.bond@kirkland.com](mailto:pippa.bond@kirkland.com)<[mailto:pippa.bond@kirkland.com](mailto:pippa.bond@kirkland.com)>

On Aug 11, 2020, at 9:15 AM, David Barton <dbarton@pszjlaw.com> wrote:

?
Attached for your review are the following documents relating to the Cumulative Series B Preferred Stock of MYT Holding Co.:


1.     Clean and comparison copies of a proposed Second Amended and Restated Certificate of Incorporation of MYT Holding Co.  The comparison copy is marked to show differences with the current certificate of incorporation of MYT Holding Co.


2.     Clean and comparison copies of a proposed letter agreement amending and restating the letter agreement dated June 7, 2019 between MYT Parent Co. and MYT Holding Co.  The comparison copy is marked to show differences with the original June 7, 2019 letter agreement.


3.     Clean and comparison copies of a proposed Amended and Restated Certificate of Designation of Cumulative Series B Preferred Stock of MYT Holding Co.   The comparison copy is marked to show differences with the existing Series A Certificate of Designation, a comparison which we considered possibly more useful than a comparison with the existing Series B COD.

Please include anyone on your teams who should be looped in on these documents, which continue to be under review and comment by the Committee.

Thanks in advance for your prompt attention to these documents.  We look forward to your response.
David Barton
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
dbarton@pszjlaw.com<mailto:dbarton@pszjlaw.com>
vCard<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.pszjlaw.com_vcard-2D5.vcf&d=DwMF-g&c=d4QUMdAn6M0Mbv3jzCCgJ4TWUi-bKfYzDU5LNH0X26s&r=8lHS6cTlwZwyXLt0maKaCEV17xzstsPFBlhawz07eLA&m=VT0weH59hFJbXtBNZ4E22dPCtUueEiMFrZMGkpPaqSo&s=CtRGxadA04MTluXPeSRRZCni_UkUipcC9-4o8rebBGY&e=> |
Bio<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.pszjlaw.com_attorneys-2Ddavid-2Dj-2Dbarton.html&d=DwMF-g&c=d4QUMdAn6M0Mbv3jzCCgJ4TWUi-bKfYzDU5LNH0X26s&r=8lHS6cTlwZwyXLt0maKaCEV17xzstsPFBlhawz07eLA&m=VT0weH59hFJbXtBNZ4E22dPCtUueEiMFrZMGkpPaqSo&s=VvwSnsgRRO0AA5i44t3nMWjwO4Up2Co_MT45F_iapnw&e=> |
LinkedIn<https://urldefense.proofpoint.com/v2/url?u=https-3A__www.linkedin.com_pub_david-2Dbarton_25_707_b70&d=DwMF-g&c=d4QUMdAn6M0Mbv3jzCCgJ4TWUi-bKfYzDU5LNH0X26s&r=8lHS6cTlwZwyXLt0maKaCEV17xzstsPFBlhawz07eLA&m=VT0weH59hFJbXtBNZ4E22dPCtUueEiMFrZMGkpPaqSo&s=lCflvZKR8bsWNtgUKQIB-1ezhkcSDIEcVxNHik6w9_8&e=>

<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.pszjlaw.com_&d=DwMF-g&c=d4QUMdAn6M0Mbv3jzCCgJ4TWUi-bKfYzDU5LNH0X26s&r=8lHS6cTlwZwyXLt0maKaCEV17xzstsPFBlhawz07eLA&m=VT0weH59hFJbXtBNZ4E22dPCtUueEiMFrZMGkpPaqSo&s=J8trOdmq1KtgSFdoFmZB6dMsg6P-WCR05B_zNiUDmKU&e=>
<image001.jpg>
Los Angeles | San Francisco | Wilmington, DE | New York | Costa Mesa

_____

CONFIDENTIALITY
This e-mail message and any attachments thereto is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail message, you are hereby notified that any dissemination, distribution or copying of this e-mail message, and any attachments thereto is strictly prohibited. If you have received this e-mail message in error, please immediately notify me by telephone and permanently delete the original and any copies of this email and any prints thereof.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance and effect, absent an express statement to the contrary hereinabove, this e-mail message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Pachulski Stang Ziehl & Jones LLP, any of its clients, or any other person or entity.

<DOCS_LA-#331237-v7-A&R_Certificate_of_Designation_of_Series_B_Preferred_....docx>
<DOCS_LA-#331237-vpdf-A&R_Certificate_of_Designation_of_Series_B_Preferre....pdf>
<DOCS_LA-#331222-v3-A&R_Certificate_of_Incorporation--MYT_Holdco.docx>
<DOCS_LA-#331222-vpdf-A&R_Certificate_of_Incorporation--MYT_Holdco.pdf>
<DOCS_LA-#331225-v4-MYT_Parent-Holdco_Letter_Agreement.docx>
<DOCS_LA-#331225-vpdf-MYT_Parent-Holdco_Letter_Agreement.pdf>

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com<mailto:postmaster@kirkland.com>, and destroy this communication and all copies thereof, including all attachments.

_____

CONFIDENTIALITY
This e-mail message and any attachments thereto is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail message, you are hereby notified that any dissemination, distribution or copying of this e-mail message, and any attachments thereto is strictly prohibited. If you have received this e-mail message in error, please immediately notify me by telephone and permanently delete the original and any copies of this email and any prints thereof.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance and effect, absent an express statement to the contrary hereinabove, this e-mail message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Pachulski Stang Ziehl & Jones LLP, any of its clients, or any other person or entity.

_____

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

**Exhibit D**

**Detailed Listing of Requested Modifications to MYT Series B Preferred Stock**

## <u>KEY OPEN ISSUES RELATING TO TERMS OF SERIES B CUMULATIVE PREFERRED STOCK</u>

| Issue | Committee Position | Debtors' Position | Significance |
|---|---|---|---|
| | | | |
| *1. Cap on Series B Redemption Price.*<br><br>Series B is subject to optional redemption by the Company at the Redemption Price. The Redemption Price is an amount per share not to exceed the lesser of (a) the Liquidation Preference thereof and (b) the Series A Redemption Price. The Series A Redemption Price is defined in the Series B COD to mean the average amount per share paid to redeem the shares of Series A Preferred Stock, determined as of the Series A Redemption Date (less any payments made in respect of "default dividends" on the Series A Preferred Shares). Thus, in an optional redemption, a Series B share *can never receive more than the average amount actually paid by the Company to redeem a Series A share.* | The Committee understands that holders of Series A should not receive more than *that to which the holders of Series A are currently entitled* (*i.e.*, the Liquidation Preference plus accruals). But if the holders of Series A were to agree to accept *less than the Liquidation Preference plus accruals*, the amount payable to holders of Series A would be reduced. The Committee does not believe that it is appropriate for Series A Liquidation Preference discounts that the Company may obtain from willing holders of Series A to adversely affect recoveries by the holders of Series B. | No. | If the Series B Redemption Price is capped at the average amount actually paid by the Company to redeem Series A shares, then the holders of Series B will be subject to whatever bargain the Company and the holders of Series A may strike upon regarding the redemption price of the Series A. The holders of Series B have no control over the price at which holders of Series A may be willing to accept a redemption offer that does not conform to the current terms of the Series A COD. |
| | | | |
| *2. Maturity Date/Mandatory Redemption*<br><br>Series B has no Maturity Date, and no mandatory redemption. | The Series A matures in ten years, at which time it must be redeemed by the Company. The Series B should have a maturity date and a mandatory redemption provision as well. The Committee | No. | If there is no Maturity Date and mandatory redemption, then there is no deadline by which the Series B liquidation preference and accumulated dividends must ever be paid. Moreover, dividends on Series B do not accrue after the Series A is redeemed. The Series B then becomes |

| | understands that the Series B, being subordinate to the Series A, must have a maturity date that occurs after the maturity date of the Series A, and has proposed a maturity date of 91 days after the maturity date of the Series A. | | an instrument whose holders must wait forever for a recovery the value of which is ever-decreasing. |
|---|---|---|---|
| | | | |
| 3.  *Change of Control/Mandatory Redemption*<br><br>Series B has no provision for mandatory redemption upon a Change of Control. | The Series A has a provision for mandatory redemption upon a Change of Control.  Subject to the senior rights of Series A, Series B should have such a provision as well. | No. | If there is no provision for mandatory redemption upon a Change of Control, then a monetization event may occur for the Sponsors without any need to follow the waterfall distribution that is at the center of the original deal.  If the Sponsors are permitted to exit the MYT investment without following the waterfall, the holders of Series B will not participate in the distribution of the net proceeds of the monetization event. |
| | | | |
| 4.  *Covenant Limitation on Restricted Payments*<br><br>Series B has no covenant limiting dividends and distributions in respect of junior equity interests without the approval of Series B holders. | The Series A has such a covenant. Series B should have such a provision as well. | No. | If there is no such covenant, then value is subject to being diverted to holders of securities that are subordinate to the Series B in the Company's capital stock structure. |
| | | | |
| 5.  *Covenant Limitation on Issuance of Equity Interests*<br><br>Series B has no covenant limiting the issuance of equity interests without the approval of Series B holders. | The Series A has such a covenant. Series B should have such a provision as well. | No. | If there is no such covenant, then the holders of Series B are subject to potentially extreme dilution as a result of the authorization of |

| | | | additional shares and/or the creation of new classes of senior securities. |
|---|---|---|---|
| | | | |
| **6. Covenant Limitation on Liquidations**<br><br>Series B has no covenant limiting liquidations, dissolutions, and bankruptcies without the approval of Series B holders. | The Series A has such a covenant. Series B should have such a provision as well. | No. | If there is no such covenant, then the holders of Series B will not have the opportunity to approve a liquidation that may be on terms disadvantageous to Series B. |
| | | | |
| **7. Covenant Limitation on Transactions with Affiliates**<br><br>Series B has no covenant limiting transactions between the Company and its affiliates that have not been determined by independent directors to be on arm's length terms without the approval of Series B holders. | The Series A has such a covenant. Series B should have such a provision as well. | No. | If there is no such covenant, then the holders of Series B will not have the opportunity to approve transactions between affiliates that have not been determined by independent directors to be on arm's length terms. |
| | | | |
| **8. Covenant Limitation on Circumvention of Covenants**<br><br>Series B has no covenant limiting the Company's ability to circumvent the performance of its covenants. | The Series A has such a covenant. Series B should have such a provision as well. | No. | The holders of Series B may be adversely impacted by charter amendments, reorganizations, transfers of assets and other transactions undertaken primarily to avoid the observance of covenants. |
| | | | |
| **9. Covenant Requiring Successor Assumption of Obligations**<br><br>Series B has no covenant requiring the Company to cause its buyer or other | The Series A has such a covenant. Series B should have such a | No. | If the assets of the Company are sold and the buyer does not assume the Company's obligations |

| successor to assume the covenants of the Series B COD. | provision as well. | | under the Series B COD, the obligations of the Series B COD may be easily avoided. |
|---|---|---|---|
| | | | |
| *10. Information Rights*<br><br>Series B has no right to receive information about the Company. | Series A has and is expected to continue to have a covenant requiring the Company to deliver annual, quarterly and other reports similar to those required in a Rule 144A/Regulation S transaction. Series B should have such a provision as well. | No. | Without financial reporting by the Company, the holders of Series B will have no way to determine the value of their securities. |
| | | | |
| *11. Holder Approval*<br><br>The holders of Series B do not have the right to approve an amendment of the Series B COC that is accomplished indirectly. | Series A has such a right. Series B should have such a provision as well. | No. | Without such a provision, the holders of Series B will not be able to approve an adverse amendment of the Series B COD that is accomplished indirectly (by means of a merger, recapitalization, reorganization, etc.) |
| "Holder Majority" is defined in such a way as to include any shares repurchased by the Company and held in treasury. | In the Series A COD, the term is defined to exclude Series A shares held by the Company and its affiliate. Series B should have such a provision as well. | | If the shares held by the Company are counted, the outside holders may not be able to muster a majority to withhold approval of a proposed amendment to the Series B COD that adversely affects holders. |

**Exhibit E**

**Discovery Served Upon Disinterested Manager**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

```
-------------------------------------------------------------x
                                          :
In re                                     :        Chapter 11
                                          :
NEIMAN MARCUS GROUP LTD LLC, et al.,      :        Case No. 20-32519 (DRJ)
                                          :
                                          :        Jointly Administered
              Debtors.                    :
-------------------------------------------------------------x
```

## NOTICE OF DEPOSITION OF SCOTT VOGEL

NOTICE IS HEREBY GIVEN that. Pursuant to Federal Rules of Bankruptcy Procedure

7026, 7030, and 9014, the Official Committee of Unsecured Creditors (the "Committee") of the

above-captioned debtors and debtors-in-possession (the "Debtors"), by and through their

undersigned counsel, will take the deposition of Scott Vogel under on **August 24, 2020**

**beginning at 3:00 p.m. prevailing Eastern time** (or such other time as may be agreed to by the

parties). The deposition will be taken before an authorized court reporter or other person

authorized by law to administer oaths and will be recorded by stenographic and videographic

means. The deposition will be taken remotely. Parties who wish to participate should contact

Patricia Jeffries of Pachulski Stang Ziehl & Jones LLP (pjeffries@pszjlaw.com) no less than 72

hours before the start of the deposition for information on how to participate remotely.

DOCS_DE:230246.1 59944/002

Dated:  August 17, 2020

/s/ Alan J. Kornfeld
COLE SCHOTZ P.C.
Michael D. Warner (TX Bar No. 00792304)
James W. Walker (TX Bar No. 20709600)
301 Commerce Street, Suite 1700
Fort Worth, TX 76102
Telephone: (817) 810-5250
Facsimile:  (817) 810-5255
Email:    mwarner@coleschotz.com
              jwalker@coleschotz.com

*Co-Counsel for the Official Committee of
Unsecured Creditors*

PACHULSKI STANG ZIEHL & JONES LLP
Richard M. Pachulski (*admitted pro hac vice*)
Alan J. Kornfeld (*admitted pro hac vice*)
Steven W. Golden (TX Bar No. 24099681)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4100
Telephone: (310) 227-6910
Email: rpachulski@pszjlaw.com
          akornfeld@pszjlaw.com
          sgolden@pszjlaw.com

*Lead Counsel for the Official Committee of
Unsecured Creditors*

## <u>Certificate of Service</u>

I certify that on August 17, 2020, I caused the foregoing to be served on counsel of record for (1) Scott Vogel; (2) the Debtors; (3) Ares; (4) CPPIB; (5) Neiman Marcus Group, Inc.; (6) MyTheresa; and (7) the U.S. Trustee.

<u>*/s/ Steven W. Golden*</u>
Steven W. Golden

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

-------------------------------------------------------------x
                                        :

In re                               :      **Chapter 11**

                                          :

**NEIMAN MARCUS GROUP LTD LLC,** *et al.,*   :      **Case No. 20-32519 (DRJ)**

                                          :

                                          :      **Jointly Administered**

                **Debtors.**                  :
-------------------------------------------------------------x

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
## FIRST SET OF DOCUMENT REQUESTS TO SCOTT VOGEL

NOTICE IS HEREBY GIVEN that, pursuant to Federal Rules of Bankruptcy Procedure

7026, 7034, and 9014, Scott Vogel is hereby directed to produce the documents requested herein

to counsel to the Official Committee of Unsecured Creditors (the "<u>Committee</u>") of the above-

captioned debtors and debtors-in-possession (the "<u>Debtors</u>"), on **August 21, 2020 at 5:00 p.m.**

**prevailing Eastern time** (or such other time as may be agreed to by the parties). These

documents are to be produced at the office of Pachulski Stang Ziehl & Jones LLP, 919 N.

Market Street, 17th Floor, Wilmington, DE 19801, Attn: Steven W. Golden.

In responding to these requests (the "<u>Requests</u>" and each a "<u>Request</u>"), You shall comply with the following Definitions and Instructions.

### *DEFINITIONS*

1.      "Ares" means Ares Management Corporation and its affiliates, subsidiaries (direct and indirect), agents, advisors, employees, representatives, staff, attorneys and all other persons or entities acting on their behalf or under their control.

2.      "Certificate of Incorporation" means that certain certificate of incorporation of MYT Holdco, filed with the Secretary of State of the State of Delaware on April 15, 2019 and as amended and restated on June 14, 2019.

3.      "Communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and includes all oral and written communications of any nature, type or kind including, but not limited to, any ESI (and any attachments thereto), Documents, telephone conversations, discussions, meetings, facsimiles, e-mails, pagers, memoranda, text messages, and any other medium through which any information is conveyed or transmitted.

4.      "Concerning" means and includes relating to, constituting, defining, evidencing, mentioning, containing, describing, discussing, embodying, reflecting, edifying, analyzing, stating, referring to, dealing with, or in any way pertaining to the subject matter.

5.      "CPPIB" means Canada Pension Plan Investment Board and its affiliates, subsidiaries (direct and indirect) agents, advisors, employees, representatives, staff, attorneys and all other persons or entities acting on their behalf or under their control.

6.      "Debtors" mean individually and collectively, Neiman Marcus Group LTD LLC and its debtor affiliates and their affiliates, agents, advisors, employees, representatives, staff, attorneys and all other persons or entities acting on their behalf or under their control.

7.      "Documents" means and includes all written, recorded, transcribed or graphic matter of every nature, type and kind, however and by whoever produced, reproduced, disseminated or made.  This includes, but is not limited to, Communications, ESI, "writings" as defined by Rule 1001 of the Federal Rules of Evidence, copies or drafts, and any tangible or intangible thing or item that contains any information.  Any Document that contains any comment, notation, addition, insertion or marking of any type or kind which is not part of another Document, is to be considered a separate Document.

8.      "ESI" has the meaning ascribed to it in Federal Rules of Civil Procedure 16, 26, and 34(a).

9.      "Including" means including, but not limited to.

10.      "Letter Agreement" means that certain letter agreement, dated June 7, 2019, by and between MYT Parent and MYT Holdco.

11.     "MYT Holdco" means MYT Holding Co. and its affiliates, agents, advisors, employees, representatives, staff, attorneys and all other persons or entities acting on their behalf or under their control.

12.     "MYT Parent" means MYT Parent Co. and its affiliates, agents, advisors, employees, representatives, staff, attorneys and all other persons or entities acting on their behalf or under their control.

13.     "Person" means and includes individuals as well as corporations, partnerships, unincorporated associations, limited liability companies, trusts, firms, cooperatives, fictitious business names and government agencies, and their respective agents, representatives, and employees.

14.     "Series B COD" means that certain Certificate of Designation of Cumulative Series B Preferred Stock of MYT Holdco, dated June 6, 2019.

15.     "Series A Preferred Stock" means the shares of Series A Preferred Stock, par value $0.001 per share, issued by MYT Holdco.

16.     "Series B Preferred Stock" means the 250,000,000 shares of Cumulative Series B Preferred Stock of MYT Holdco, $0.001 par value per share.

17.     "You" and "Your" means Scott Vogel and Your affiliates, agents, advisors, employees, representatives, staff, attorneys and all other persons or entities acting on Your behalf or under Your control.

### *INSTRUCTIONS*

1.     Unless otherwise indicated, with respect to Request Nos. 1 through 6, the Documents and Communications requested include all Documents and Communications that have come into existence or been utilized, read, transcribed, copied, placed in, or retrieved from any file between the Petition Date and the date hereof.

2.     For each Document or Communication withheld by reason of a claim of privilege, provide a privilege log identifying such Document or Communication together with:  (a) the date of the Document or Communication; (b) the identity of the author or preparer; (c) the identity of each Person who was sent or furnished with the Document or Communication or who received or had possession or custody of the Document or Communication; (d) a description of the Document or Communication, including identification of any attachments or appendices; (e) a statement of the basis of the claim of privilege; and (f) the paragraph of this request to which the document is responsive.  In the case of Documents or Communications Concerning a meeting or conversation, identify all participants in the meeting or conversation.

3.     Each Document or Communication shall be produced in a fashion that indicates clearly the file in which it was located.

4.      If a Document or Communication cannot be produced in full, produce it to the extent possible, identify the portion that cannot be produced, and specify the reasons for Your inability to produce the remainder.

5.      You are required to produce ESI (as defined below) in searchable form on DVDs, CD-ROMs or other media to be mutually agreed by the parties.

6.      Documents may be produced in paper format or electronically.  If Documents are produced electronically, or if any ESI is produced, the following formatting should be used:

- Use .tiff format for all Documents that were not originally in Excel format, in which case, use .xls or .xlsx format;

- If possible, without creating undue delay, please produce Documents in Summation-ready DVDs, CD-ROMs or other media to be mutually agreed by the parties with .tiff and text format, and with a Summation load file; and

- Transmit electronic Documents or ESI on DVDs, CD-ROMs or other media to be mutually agreed by the parties or use an ftp site upload.

7.      These Requests shall be deemed continuing and supplemental answers shall be required if You directly or indirectly obtain further information after Your initial response as required by Fed. R. Bank. P. Rule 7026(e).

8.      The use of either the singular or plural shall not be deemed a limitation.  The use of the singular includes the plural, and vice versa.

9.      The words "and" and "or" are interchangeable and shall be construed either disjunctively or conjunctively or both, as broadly as necessary to bring within the scope of each Request those responses that might otherwise be construed to be outside the scope.

## *DOCUMENT REQUESTS*

1.      All Documents and Communications Concerning the Series B COD, Including any Documents and Communications Concerning any amendment to the Series B COD.

2.      All Documents and Communications Concerning the Letter Agreement, Including any Documents and Communications Concerning any amendment to the Letter Agreement.

3.      All Documents and Communications Concerning the Certificate of Incorporation, Including any Documents and Communications Concerning any amendment to the Certificate of Incorporation.

4.      All Documents and Communications Concerning the Series A or Series B Preferred Stock issued by MYT Holdco, Including Documents Concerning the value of such stock at any point in time.

5.      To the extent not produced in response to Document Request 4, all Communications between You and Ares and/or CPPIB Concerning the Series A or Series B Preferred Stock.

6.      All Communications between You and Ares and/or CPPIB Concerning settlement of any claims the Debtors hold or may hold against Ares and/or CPPIB.

Dated:   August 17, 2020

/s/ Alan J. Kornfeld

COLE SCHOTZ P.C.
Michael D. Warner (TX Bar No. 00792304)
James W. Walker (TX Bar No. 20709600)
301 Commerce Street, Suite 1700
Fort Worth, TX 76102
Telephone: (817) 810-5250
Facsimile:   (817) 810-5255
Email:     mwarner@coleschotz.com
              jwalker@coleschotz.com

*Co-Counsel for the Official Committee of Unsecured Creditors*

PACHULSKI STANG ZIEHL & JONES LLP
Richard M. Pachulski (*admitted pro hac vice*)
Alan J. Kornfeld (*admitted pro hac vice*)
Steven W. Golden (TX Bar No. 24099681)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4100
Telephone: (310) 227-6910
Email: rpachulski@pszjlaw.com
          akornfeld@pszjlaw.com
          sgolden@pszjlaw.com

*Lead Counsel for the Official Committee of Unsecured Creditors*

**Certificate of Service**

I certify that on August 17, 2020, I caused the foregoing to be served on counsel of record for (1) Scott Vogel; (2) the Debtors; (3) Ares; (4) CPPIB; (5) Neiman Marcus Group, Inc.; (6) MyTheresa; and (7) the U.S. Trustee.

*/s/ Steven W. Golden*
Steven W. Golden